### 73431. ELLIS v. THE STATE.
(353 SE2d 822)

SOGNIER, Judge.

Ellis was convicted of rape, sodomy, kidnapping with bodily injury and false imprisonment.

1. During cross-examination of the victim, appellant requested that the court require the State to give appellant a copy of the victim's statement to the police, so appellant could use the statement for impeachment purposes. The court examined the statement and allowed appellant to see one page of the statement, but would not allow him to see the entire statement. Appellant contends this was error, as he was entitled to a copy of the victim's statement pursuant to a *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) and a Notice to Produce which appellant filed prior to trial.

Prior to trial appellant was allowed to examine the State's entire file in response to his *Brady* motion, including the victim's statement to police, although the prosecuting attorney did not give appellant a

copy of the victim's statement. However, Georgia law does not provide that the statements of witnesses be generally available for discovery by the defendant in a criminal case. *Roberts v. State*, 243 Ga. 604, 605 (1) (255 SE2d 689) (1979); *Moore v. State*, 179 Ga. App. 488 (1) (347 SE2d 318) (1986). Appellant's counsel acknowledged that he had seen the victim's statement and made notes from it, and that he only needed the statement in reference to a man called "Rapid Roy," and to show that the victim told police that "Tiger" Hart was the first person to have sexual intercourse with her, contrary to her testimony in court that appellant was the first to do so. After examining the victim's statement the court allowed appellant to see the portion of the statement relating to "Rapid Roy," but would not allow appellant to see the rest of the statement.

Whether or not appellant was the first of five men to rape the victim is immaterial, as the evidence is overwhelming that the victim was raped and sodomized repeatedly by the five men involved in this case. While a witness may be impeached on a collateral issue which is indirectly material to the issue in the case, a witness may not be impeached because of a discrepancy as to a wholly immaterial matter. *Gilbert v. State*, 159 Ga. App. 326, 327 (2) (283 SE2d 361) (1981). In a case almost identical to the facts in the instant case it was held: "Where, as here, the trial court has conducted an in camera inspection of the prior contradictory statement and determined that it contained no matter which was exculpatory or of significance, and where defense counsel has been permitted adequate cross-examination of the witness, the defendant has not borne his burden of showing prejudice to his case resulting from the prosecution's refusal to turn over the statement. [Cits.]" *Burney v. State*, 252 Ga. 25, 27 (3) (310 SE2d 899) (1984). Applying these rules to the facts of this case, we find no error in the court's refusal to require the prosecutor to give the victim's complete statement to appellant to use for impeachment purposes in cross-examining the victim.

2. Appellant contends error by the trial court in applying the rape shield statute (OCGA § 24-2-3) to a non-complaining witness, thereby depriving appellant of his right to a thorough and sifting cross-examination of the witness. We do not agree.

Appellant sought to cross-examine a female witness as to whether she had oral sex with appellant in the presence of the victim and a co-defendant while the four persons were in a car on the way to get some beer. He also sought to question the witness as to whether the victim and the co-defendant were doing "certain things" at the same time in the back seat of the car. The witness had testified on direct examination that there was no physical contact between herself and appellant while they were in the car, and they were not sitting close together. Appellant argued that if the witness changed her testimony and ad-

mitted engaging in oral sex with appellant while the victim and a co-defendant were doing "certain things" in the back seat, it would show that appellant had reason to believe that the victim consented to intercourse with appellant, and thus, cross-examination on this matter was authorized as an exception under the rape shield statute.

OCGA § 24-2-3 (a) provides, in pertinent part: "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness *or other witnesses* . . ." (Emphasis supplied.) The exception to this rule is set forth in OCGA § 24-2-3 (b), which provides, in pertinent part: "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court . . . finds that the past sexual behavior directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of . . ."

OCGA § 24-2-3 (a), supra, includes cross-examination of the complaining witness *or other witnesses* about the sexual conduct of the complaining witness so appellant's argument that the statute applies only to cross-examination of the complaining witness is without merit. The possibility that the complaining witness engaged in some type of sexual activity with a third person did not directly involve the participation of appellant, so it did not fall within that exception to the rape shield statute. Nor would the fact that the complaining witness may have engaged in sexual activity with someone else create an inference that she would engage in sexual intercourse with appellant and four other men. See, e.g., *Parks v. State*, 147 Ga. App. 617, 618 (249 SE2d 672) (1978). Accordingly, we find the trial court did not deny appellant his right to a thorough and sifting cross-examination by not allowing cross-examination on this subject.

3. Appellant contends the trial court erred by allowing a police officer to present narrative hearsay testimony about what the victim told him. Appellant objected to the officer's testimony that he took the victim to the hospital for a vaginal and rectal examination after she told the officer she had been raped and sodomized. This can hardly be classified as "narrative" hearsay testimony, and such testimony was admissible to explain the officer's conduct in taking the victim to the hospital for an examination. OCGA § 24-3-2; cf. *Cheney v. State*, 167 Ga. App. 757, 758 (307 SE2d 288) (1983); *Gaskins v. State*, 250 Ga. 386, 389 (4) (297 SE2d 729) (1982). Further, the victim herself testified that she told the officer she had been raped and sodomized, and that after making her statement the officer took her to the hospital for examination by a medical doctor. Therefore, even if it was error to allow the officer to give hearsay testimony as to what

the victim told him, proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible testimony. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983).

4. Appellant contends error in the denial of his motion for a mistrial based on improper and prejudicial comments by the prosecuting attorney regarding appellant's right to counsel and his right to remain silent. This enumeration of error is without merit.

We note initially that the prosecuting attorney made no comments on appellant's silence, or his request for an attorney. Sergeant Stanley Sutton, an investigator with the Floyd County Police Department, testified that he had a warrant for appellant's arrest and was advised that appellant had been taken into custody in Cedar Bluff, Alabama, pursuant to a police bulletin that appellant was wanted in Floyd County. Sutton went to Alabama, identified appellant, and testified that "I told him who I was and — of course, he knew who I was." When the prosecutor asked who "he" was, Sutton replied: "Tommy Ellis . . . And at that point, I advised him of his *Miranda* Rights of the United States, which I have a Waiver of Counsel, we have a form that I let him read his *Miranda* Rights and . . . I read them also, and he refused to sign it and wanted his attorney." It is this unresponsive answer by Sutton that appellant alleges was an improper comment by the prosecuting attorney on appellant's right to counsel and his right to remain silent. Although the motion for a mistrial was denied, the court instructed the jury that no inference was to be drawn from Sutton's remark. Even though we do not find Sutton's answer to be a comment by the prosecutor on appellant's silence and his right to counsel, as alleged, the trial court's immediate instruction to the jury to draw no inference from the unresponsive answer by Sutton was sufficient to correct any possible harm. *Marlowe v. State*, 162 Ga. App. 37, 38 (1) (290 SE2d 136) (1982). Further, appellant did not renew his motion for a mistrial after the curative instruction by the court, so the issue has not been preserved for appellate review. *Fambro v. State*, 165 Ga. App. 445, 447 (4) (299 SE2d 114) (1983).

5. Appellant contends the trial court erred by failing to strike certain counts of the indictment and/or failing to merge the counts or grant appellant's motion for a directed verdict of acquittal as to those counts. Appellant argues that under the holdings in *Allen v. State*, 233 Ga. 200 (210 SE2d 680) (1974), and *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977), he cannot be convicted of both rape and kidnapping with bodily injury. He also argues that false imprisonment is a lesser included offense of kidnapping with bodily injury, and thus, it was improper to convict him of both of those offenses.

The offenses of which appellant was convicted occurred at an area known as the "gravel pit" outside Cave Spring, Georgia, where

all persons involved in this case were present at a party. The victim was suddenly thrown to the ground; when she screamed appellant put his hand over the victim's nose and mouth, causing her to black out. When she regained consciousness appellant was having sexual intercourse with her against her will; when he was finished the victim was held down and was raped by four other men. Appellant and the other four men then put the victim over the hood of a car and sodomized her. When a car approached the men took the victim by the arm and made her get up and move further into the woods, where she was raped seven more times and sodomized once.

Under the evidence presented in this case, the rape and sodomy charge did not merge with the kidnapping with bodily injury charge. The victim was raped and sodomized initially in one location, and evidence of appellant's guilt of those offenses is more than sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The victim was then taken into a nearby wooded area which constituted the asportation necessary for the kidnapping charge. Once she was removed to the wooded area she was again raped and sodomized, which constituted the bodily injury alleged in the kidnapping with bodily injury charge. Thus, these were clearly separate offenses, with different proof being presented to establish appellant's guilt of kidnapping with bodily injury. Accordingly, the trial court did not err by denying appellant's motion to merge the rape and sodomy offenses with the charge of kidnapping with bodily injury, which involved a separate rape and sodomy. However, we believe that the charge of false imprisonment merged with the kidnapping charge under the facts of this case. The only difference between the two offenses is asportation, since false imprisonment involves holding a person unlawfully against his will, which is also an essential element of the offense of kidnapping. Thus, false imprisonment was an integral part of the kidnapping charge, requiring the same evidence except for asportation. Accordingly, the offense of false imprisonment merged with the offense of kidnapping with bodily injury as a matter of fact, even though the offenses did not merge as a matter of law. See *Haynes v. State*, 249 Ga. 119, 120-121 (2) (288 SE2d 185) (1982). Hence, appellant's conviction for false imprisonment is reversed and his sentence for that offense is set aside.

6. Lastly, appellant contends the trial court erred by denying his motion to quash the indictment because the indictment shows that all 23 grand jurors voted on the indictment when in fact, two of the grand jurors were not present and did not vote.

OCGA § 15-12-61 (a) provides that a grand jury shall consist of not less than 16 nor more than 23 persons, and the votes of at least 12 grand jurors shall be necessary to find a bill of indictment or to make a presentment. *Hambrick v. State*, 175 Ga. App. 207, 209 (4) (332

SE2d 907) (1985). Evidence at a hearing on appellant's motion only disclosed that two of the 23 members of the grand jury did not vote. Since appellant did not show that more than two of the 23 persons on the grand jury did not vote, we must assume that the remaining 21 members voted to find a bill of indictment. This meets the requirements of § 15-12-61 (a), supra, and thus, the court did not err by denying appellant's motion to quash the indictment. *Hambrick, supra.*

*Judgment affirmed as to Count I (rape), Count II (sodomy), and Count IV (kidnapping with bodily injury). Judgment reversed as to Count V (false imprisonment). Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 15, 1987 —
REHEARING DENIED JANUARY 28, 1987 — 

*Charles G. Price, C. Ronald Patton,* for appellant.
*Frank C. Winn, District Attorney, David McDade, Assistant District Attorney,* for appellee.