### A90A1156. JOHNSON v. THE STATE.
(394 SE2d 586)

DEEN, Presiding Judge.

A Hall County jury found appellant guilty of rape, aggravated sodomy (two counts), simple battery, kidnapping, and false imprisonment. Because Johnson was a recidivist the trial court imposed maximum sentences: twenty years for rape and twenty years on each count of aggravated sodomy, the latter two sentences to be served concurrently with one another but consecutively to the sentence for rape. Lesser sentences were imposed for the other counts, all to run concurrently with the rape and aggravated sodomy sentences.

On appeal Johnson enumerates as error (1) the sufficiency of the evidence to support the rape and aggravated sodomy convictions; and (2), (3) the trial court's failure to rule that the counts of kidnapping and false imprisonment merged as a matter of law and fact, and that the convictions of simple battery and aggravated sodomy merged into the rape conviction as a matter of fact. *Held*:

1. Examination of the trial transcript and the remainder of the record reveals that there was more than sufficient evidence adduced to authorize the rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses of kidnapping, rape, and aggravated sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellate court determines only the sufficiency of the evidence, not its weight. *Miasso v. State*, 191 Ga. App. 222 (381 SE2d 315) (1989). Appellant's first enumeration is without merit.

2. Offenses may be said to merge when (1) one is a lesser offense included in another or (2) each of the two different charges arises out of the same conduct as the other, and all the evidence is used to establish one of the offenses charged. When a given offense includes some, but not all, of the elements of another, "greater" offense *and no element other than* those which constitute the "greater offense," then the former may properly be designated a "lesser included offense" and may be said to merge with the latter as a matter of law. See OCGA §§ 16-1-6 (1); 16-1-7 (a) (1). Or, alternatively, if, for example, one person makes physical contact of an insulting or provoking nature with another person, thereby committing the offense of simple battery, OCGA § 16-5-23, but does it in a special manner so as to commit, e.g., rape, attempted rape, or sodomy, then the same conduct — improper physical contact with the sexual organs — gives rise to both battery and a greater offense, and the former merges with the latter as a matter of fact, except when there also occurs *additional* imper-

missible touching unconnected with the greater substantive offense.

In the instant case neither of these criteria applies to appellant's second enumeration. Although false imprisonment may, in certain circumstances, be included in kidnapping, the trial transcript sub judice clearly indicates that in the instant case the kidnapping — the asportation of the victim to a place where she did not wish to go, OCGA § 16-5-40 (a) — involved conduct distinct from that which constituted false imprisonment, which embraced appellant's chasing her each time she managed to escape from the automobile and forcing her to re-enter the car and remain there until it suited him to release her.[1] OCGA § 16-5-41 (a). In these circumstances, false imprisonment does not merge with kidnapping either as a matter of fact or as a mater of law, and appellant's second enumeration has no merit.

3. We agree, and the State concedes, that appellant is correct in asserting that in the instant case the same impermissible touching — the hitting and slapping which constituted simple battery — also supplied the element of force necessary for conviction of rape. Thus battery merged into rape, and the simple battery conviction should be reversed. Reversal of this conviction would not alter the length of appellant's total sentence, however, since the twelve-month sentence for simple battery imposed by the trial court was specified to run concurrently with the other sentences. Moreover, according to the record, this issue was not raised below, and therefore the error was not preserved for appeal.

As to appellant's contention that the convictions for anal and oral sodomy merge into the rape conviction, each of the three offenses contains at least one element not contained in the others. See OCGA §§ 16-6-1; 16-6-2. Therefore, they cannot merge as a matter of law. That it is anatomically impossible for them to merge as a matter of fact would seem a foregone conclusion; however, this court has held that this is properly a question for jury resolution. *Wimpey v. State*, 180 Ga. App. 529 (349 SE2d 773) (1986). In the instant case the jury resolved the matter against the appellant, and the evidence adduced would authorize such a finding beyond a reasonable doubt. *Jackson v. Virginia*, supra. Furthermore, as with the simple battery conviction, the alleged error was not raised prior to appeal and therefore is not properly before this court.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

---

[1] The evidence clearly shows that the victim, finding herself stranded with an inoperable vehicle, asked appellant to take her to the home of her brother-in-law to obtain assistance, and that appellant agreed to do so if she would allow him to make a stop or two en route. The kidnapping occurred when, after completing several stops, appellant drove the victim not to the requested destination but to the deserted area where he proceeded to commit the sexual offenses. The false imprisonment occurred after the kidnapping had already been accomplished.

DECIDED MAY 8, 1990 —
REHEARING DENIED MAY 24, 1990.

L. Eddie Benton, Jr., for appellant.
C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney, for appellee.