## S93A1507. GOLDEN v. THE STATE.
### (436 SE2d 11)

BENHAM, Justice.

Appellant was convicted of malice murder and sentenced to life imprisonment.[1] He appeals, questioning the content of the re-charge given by the trial court in response to a question from the jury.

1. The State presented evidence that appellant, armed with a gun, stopped his brother-in-law's car which was being driven by a friend of appellant, and ordered the three occupants to exit the vehicle. After telling the three men not to run, appellant fought with the driver and then fired four or five shots in rapid succession at the victim, one of the passengers who was running from the scene. The victim was struck in the back by a bullet which pierced a lung, his pulmonary artery, and his heart, and caused him to bleed to death. The evidence was sufficient for a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court charged the jury on the law of malice murder, voluntary manslaughter, and involuntary manslaughter. In response to an inquiry from the deliberating jury, the trial court reiterated its instructions on involuntary manslaughter after initially misstating that it was defining voluntary manslaughter.[2] Appellant contends the misstatement resulted in a confusing charge that requires reversal. However, appellate review of the issue is procedurally barred in light of the trial court's request for objections to the recharge and appel-

---

[1] The crime occurred on November 23, 1991, and appellant turned himself in to police later that day. He was indicted on December 17, 1991, tried and convicted August 11-13, 1992, and sentenced on August 18. Appellant filed a motion for new trial on September 8, and his motion to withdraw his motion for new trial was granted on May 10, 1993. The notice of appeal was filed on June 9, 1993, and the appeal docketed in this court on July 9. The case was submitted for decision on September/October.

[2] The jury inquired, "Without the intention of killing, would that be considered involuntary manslaughter?" The trial court responded:

> That is correct. I'll give you that charge again. A person commits voluntary manslaughter in the commission of an unlawful act when that person causes the death of another human being without any intention to do so by the commission of an unlawful act constituting a misdemeanor. Now there are — The essential element of involuntary manslaughter is the killing of another human being without intending to do so while in the commission of an unlawful act. . . .

lant's failure to state an objection or reserve the right to object on motion for new trial or on appeal. *Rivers v. State,* 250 Ga. 303 (7) (298 SE2d 1) (1982).

3. Appellant next contends the trial court erred when, at the conclusion of the recharge, it rejected appellant's suggestion that the jury be informed that firing a gun constituted an unlawful act that could serve as the underlying misdemeanor supporting the possible involuntary manslaughter verdict. It is within the trial court's discretion to determine the need, breadth, and formation of additional jury instructions, and the decision to give additional instructions which addressed only the jury's specific question is not an abuse of discretion. *Peebles v. State,* 260 Ga. 165 (5a) (391 SE2d 639) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 1993.

*John V. Lloyd,* for appellant.

*Spencer Lawton, Jr., District Attorney, Angela M. Hinton, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.