S93A1332. CROZIER v. THE STATE.
(440 SE2d 635)

BENHAM, Justice.

Appellant was convicted of the 1987 murder of a man appellant believed was romantically involved with his wife.[1] On appeal, appellant contests the admission of several items of evidence, and contends his character was impermissibly placed in evidence during the testimony of his wife.

1. The victim's body was found next to his car on a dirt road in Chatham County. The pathologist who performed the autopsy on the

---

[1] The crime occurred on November 19, 1987. The Chatham County grand jury refused to indict appellant for the murder in November 1988, but did return an indictment in October 1991. Appellant's trial began January 25, 1993, and culminated on January 28 with a guilty verdict, upon which the trial court sentenced appellant to life imprisonment. The notice of appeal was filed February 25, and the case was docketed in this court on June 2, 1993. The appeal was submitted for decision on briefs September 8, 1993.

victim testified that a single massive gunshot wound to the side of the face caused massive blood loss and instantaneous death. Appellant's wife testified that, on the day of the murder, appellant had accused her of having an affair with the victim and had forced her to call the victim and arrange to meet him. Appellant's wife drove to the site, with appellant lying in the fully-reclined passenger seat of her car. When she parked her car behind that of the victim, appellant instructed her to leave the headlights on to keep the victim from realizing someone was with her. As appellant exited her car, his wife saw he was armed with a shotgun. As she sat in her car with her head resting on the steering wheel, she heard the two men argue and "heard a noise." Appellant returned to her car and told her to drive off. As they left the scene, she saw the victim lying on the ground next to his car. She and appellant returned to their home, where appellant beat her. A friend of appellant testified that appellant told him the day after the murder that he had killed the victim. A former girl friend of appellant testified that appellant had pointed out a service station along I-95 in Georgia and told her it belonged to the parents of a man he had shot. Expert examination of skin samples containing the entrance and exit wounds revealed that the muzzle of the shotgun was less than three feet from the victim's face when fired. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the course of the trial, appellant unsuccessfully objected to the admission into evidence of the victim's bloodied T-shirt, the blood-stained sheet used to cover the victim, blood-stained bags put on the victim's hands by police investigators, the skin samples from the victim containing the entrance and exit wounds, and several photographs of the victim. He contends the items were erroneously admitted because they were not material to the issues at trial, and that their admission was extremely prejudicial to appellant. We disagree.

"Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." [Cits.]

*Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases. Id. Photos depicting the location and nature of the victim's wounds are relevant and material and are admissible even if duplicative and inflammatory. *Burgan v. State*, 258 Ga. 512 (3) (371 SE2d 854) (1988). Admission of

the T-shirt was not error. *Keller v. State,* 245 Ga. 522 (4) (265 SE2d 813) (1980); *Stanley v. State,* 240 Ga. 341 (5) (241 SE2d 173) (1977). The skin tissue containing the victim's wounds was admissible as it was relevant to the testimony of the forensic expert concerning the distance between the victim and the shotgun. See *Green v. State,* 242 Ga. 261 (8) (b) (249 SE2d 1) (1978). The handbags and their contents were admissible, with accompanying testimony concerning their examination, to negate a potential justification defense.

3. Appellant contends his character was improperly placed in evidence when, under cross-examination by his attorney, his wife testified that appellant had been arrested in Maryland shortly before being arrested in Florida for the victim's murder, and that appellant had sexually abused her after she had testified against him in an earlier proceeding. Defense counsel did not voice an objection when he elicited the response concerning sexual abuse, thereby waiving error, if any. *Merritt v. State,* 255 Ga. 459 (2) (339 SE2d 594) (1986). Contrary to appellant's assertion, his wife's reference to his arrest in Maryland was responsive to questioning by defense counsel, and appellant cannot complain of error induced by his conduct. *Heard v. State,* 204 Ga. App. 757 (4) (420 SE2d 639) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994.

*Gary L. Betz,* for appellant.

*Spencer Lawton, Jr.,* District Attorney, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Paige M. Reese,* Staff Attorney, for appellee.