## S95A0488. MASSEY v. THE STATE.
### (458 SE2d 818)

BENHAM, Chief Justice.

Appellant was convicted in the Superior Court of Fulton County of armed robbery, kidnapping, false imprisonment, and aggravated assault. The judge who presided over appellant's trial and who sentenced appellant after the jury returned guilty verdicts was a pro hac vice magistrate designated by the Chief Magistrate of Fulton County pursuant to OCGA § 15-1-9.1 to assist the superior court. Prior to the commencement of his trial as well as in his motion for new trial, appellant contended that the designation of persons not elected to superior court to assist the judges of the superior court violated the Georgia constitutional requirement that superior court judges be elected. Both the pre-trial motion and the motion for new trial were denied,[1] and this appeal followed.

1. The State presented evidence that while the first victim was using the bathroom in appellant's home, appellant entered, put a knife to the victim's throat, and took $120 from the victim's pocket. Appellant then tied the victim's arms and forced him into the attic where appellant tied the victim's feet with an extension cord. Later that evening, appellant returned and used duct tape to reinforce the victim's bindings. While imprisoned, the victim used a coat hanger to scratch the letter "M" on a piece of plywood in the attic. The next morning, appellant released the victim from captivity. The second victim testified that she entered appellant's home after he told her that a person she sought was there. Appellant went into a back room and returned wearing only a shirt and carrying what the woman believed to be a knife. He then threatened her with bodily harm unless she performed oral sex on him. She resisted and he grabbed her left

---

[1] The magistrate denied the pre-trial motion after both the assistant district attorney and appellant's trial counsel affirmatively rejected the opportunity to have another judge decide the issue. A judge of the Superior Court of Fulton County denied the portion of appellant's motion for new trial that raised concerns about the appointment of the magistrate to preside.

breast, inflicting injuries that left scars. She kicked the appellant and escaped. Investigating officers executing a search warrant found drapery cord and an extension cord in the attic, along with a plywood plank with the letter "M" scratched on it. The State also tendered photographs of scars on the left breast of the female victim. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of armed robbery, kidnapping, false imprisonment and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the trial court should have merged appellant's conviction for false imprisonment into the kidnapping conviction, as the evidence used to establish the kidnapping was also used to prove the false imprisonment charge. *Ellis v. State*, 181 Ga. App. 630 (5) (353 SE2d 822) (1987). See *Hill v. State*, 193 Ga. App. 401 (4) (387 SE2d 910) (1989). Compare *Johnson v. State*, 195 Ga. App. 723 (2) (394 SE2d 586) (1990), where convictions for false imprisonment and kidnapping were upheld because factually distinct conduct supported each conviction. The conviction and sentence for false imprisonment must be vacated.

2. The magistrate who presided over appellant's trial was designated to do so pursuant to the terms of OCGA § 15-1-9.1 (b) (2), (e), and (f) and, as a consequence, was statutorily vested with the ability to discharge all duties and exercise all powers and authority of the superior court. OCGA § 15-1-9.1 (g). The magistrate was also constitutionally empowered to exercise the judicial power of the superior court. Ga. Const. 1983, Art. VI, Sec. I, Par. III. Appellant contends his judgment of conviction is null and void because OCGA § 15-1-9.1 violates the constitutional requirement that superior court judges be elected since it authorizes persons not elected to superior court to sit as superior court judges.

The Constitution provides that "[a]ll superior court and state court judges shall be elected on a nonpartisan basis. . . ." 1983 Ga. Const., Art. VI, Sec. VII, Par. I. All the judges of the Superior Court of Fulton County have been elected to that position, or are recent gubernatorial appointees to vacant positions who will run for election in the next general election. See Ga. Const. 1983, Art. VI, Sec. VII, Par. III. The magistrate who presided over appellant's trial was not a superior court judge who is constitutionally required to be elected, and his designation to assist the superior court did not make him a superior court judge. Rather, he was a judge of the magistrate court, qualified to serve on the superior court, who was requested by the superior court in time of need to exercise the judicial power of superior court, to which request the magistrate court assented. OCGA § 15-1-9.1 (b) (2) does not authorize the judiciary to make appointments to the benches of other courts; instead, it permits a designated

judicial officer from one court to exercise the power of a requesting court in an effort to assist the requesting court in limited circumstances. The designation of the magistrate to preside over appellant's trial cloaked the magistrate with statutory and constitutional authority to exercise the judicial power of the superior court, but did not make him a superior court judge. Consequently, the magistrate's designation to preside in superior court did not violate the constitutional requirement that superior court judges be elected.[2]

3. The magistrate designated to preside over appellant's trial was also designated, by separate orders, to preside over other matters in superior court during specified periods of time. Appellant contends that the cumulative effect of such orders was the unconstitutional creation of a permanent, part-time superior court judgeship. We disagree.

A judge does not have statutory or inherent authority to create a judicial office and make indefinite appointments thereto. *Cramer v. Spalding County*, 261 Ga. 570 (3) (a) (409 SE2d 30) (1991). OCGA § 15-1-9.1 (b) (2) authorizes the judiciary to request judicial assistance from other Georgia courts when, among other things, the requesting court requires the temporary assistance of an additional judge or judges. The order designating a specified, qualified judge to assist a requesting court must contain the time period of the assistance and must be filed and recorded on the minutes of the clerk of the court requesting the assistance. OCGA § 15-1-9.1 (f). Thus, a judge is designated to serve temporarily and does not appear in the superior court on a continuing basis. The statute recognizes that our courts, faced with ever-increasing demands on the judiciary, must be given flexibility to effectively utilize members of the judiciary in mutual assistance.

Each of the various orders designating the magistrate to assist the superior court was limited in duration to certain days and, even when taken together, did not amount to an indefinite appointment to a judicially-created judicial position. Compare *Cramer v. Spalding County*, supra. Compare also *Dozier v. Wild*, \_\_\_\_ S2d \_\_\_\_ (Fla.

---

[2] During the hearing on the portion of appellant's motion for new trial in which appellant claimed that OCGA § 15-1-9.1 violated the constitutional requirement that superior court judges be elected, defense counsel informed the court that he also contended that the statute was an unconstitutional effort by the legislative branch to control the procedures of the judicial branch, thereby violating the separation of powers doctrine of Art. I, Sec. II, Par. III of the State Constitution. In the order entered after the hearing, the trial court stated specifically that it was denying Grounds One and Two of appellant's motion for new trial. Neither of those grounds asserted that OCGA § 15-1-9.1 was an unconstitutional violation of the separation of powers doctrine. We decline to pass upon this attack on the constitutionality of § 15-1-9.1 as it does not clearly appear that the point was properly raised in the trial court and distinctly passed on by the trial court. *Tant v. State*, 226 Ga. 761 (177 SE2d 484) (1970).

App. 1995), where the Florida Court of Appeals determined that four years of successive and repeated six-month assignments of a county court judge to serve as an acting circuit judge in one-half of the criminal cases in a particular Florida county amounted to a de facto permanent assignment of the judge to the circuit court which unconstitutionally circumvented the electoral process.

4. The order pursuant to which the magistrate presided over appellant's trial clothed the magistrate with the power and authority of the superior court for June 14-18, 1993. Appellant's trial commenced on June 15, but did not conclude until June 29 because a one-week continuance was granted mid-trial. Appellant now contends his conviction was void because the magistrate assisted the superior court beyond the time specified in the designation order. After reviewing the trial transcript, we conclude that the continuance was granted at appellant's behest and that appellant will not now be heard to complain of a result he induced.[3] *Crozier v. State*, 263 Ga. 866 (3) (440 SE2d 635) (1994).

5. Appellant complains that the trial court's charge on aggravated assault was over-inclusive. See *Blige v. State*, 208 Ga. App. 851 (432 SE2d 574) (1993). Appellant's failure to object to the charge at the charge conference or when objections were sought or to reserve his right to object on motion for new trial or on appeal, procedurally bars appellate review of this enumeration. *Golden v. State*, 263 Ga. 521 (2) (436 SE2d 11) (1993).

*Judgment affirmed with direction. Sears, Hunstein, Carley and Thompson, JJ., concur. Fletcher, P. J., concurs specially.*

FLETCHER, Presiding Justice, concurring specially.

I agree that the Superior Court of Fulton County did not violate either the Georgia Constitution or the designation statute when it assigned part-time Magistrate Benjamin W. Spaulding to serve as a superior court judge for 58 days in 1992 and 119 days in 1993. I write

---

[3] In the middle of the State's presentation of its case, appellant sought a 30-day continuance on the ground of surprise: the State's evidence established that the kidnapping occurred on the 18th despite the indictment averring that the kidnapping had occurred on the 19th, and appellant had prepared an alibi defense to meet the indictment's charge. See *Caldwell v. State*, 139 Ga. App. 279, 289 (228 SE2d 219) (1976). The next morning defense counsel sought to withdraw his motion for continuance in order that he might re-present it upon completion of the State's case. After hearing a proffer from the State on the rest of its evidence, the trial court determined that there would be no benefit to waiting until the State closed its case to decide the motion for continuance. Defense counsel reiterated it was looking for a continuance, and the trial court stated its willingness to grant a continuance for up to a week. While the trial court believed that defense counsel had withdrawn his motion for continuance leaving the trial court to act sua sponte, we conclude that defense counsel did not withdraw his motion but only wished to assert it at another time, and that the trial court deemed the timing of the motion unnecessary to resolution of the merits.

separately to point out problems with the majority opinion's reasoning and the superior court's unhealthy reliance on the designation statute.

1. In Division 2, the majority opinion addresses whether the designation of the magistrate to preside over Massey's criminal trial in superior court violates the constitutional requirement that superior court judges be elected. It concludes that a designation under OCGA § 15-1-9.1 is not an appointment; therefore, a magistrate is not a superior court judge. Although I agree that designating a magistrate to preside in superior court does not make the magistrate an unelected superior court judge, that conclusion begs the question.

The question is whether a county's practice of repeatedly designating part-time magistrates to serve as superior court judges has created permanent part-time superior court judges who are not accountable to the public through the electoral process. I do not foreclose the possibility that the county's method of continually designating magistrates to serve on the superior court bench could result in an indefinite or de facto permanent appointment that violates both the constitution and designation statute. I agree with the majority, however, that the assignment orders here, taken together, did not have the cumulative effect of indefinitely appointing a magistrate as a superior court judge.

Instead, the number of orders issued and judges assisted, length of time Spaulding served under each order, and total number of days he served on the superior court bench demonstrate that he served on a periodic, rather than permanent, basis. Spaulding assisted superior court judges for 58 days in 1992 and for 119 days in 1993. To obtain his help for matters other than bond hearings, the chief judge issued ten assignment orders to assist five judges in 1992 and eighteen orders to assist eight judges in 1993. Only one order requested Spaulding's help for as many as ten consecutive days. Twenty orders sought his help for a day. Because Spaulding's service did not amount to a permanent, part-time judgeship, his designation to the superior court bench did not violate the constitutional mandate of elected superior court judges.

2. Similarly, the assignment orders did not violate the designation statute. OCGA § 15-1-9.1 provides that the chief judge of any court may make a written request to the chief judge of any other court within the county when a majority of the requesting court's judges determines that the court's business requires the temporary assistance of an additional judge.[4] The term "temporary assistance" means help for a limited time. We have held that it does not mean

---

[4] OCGA § 15-1-9.1 (b) (2) (C) (1994).

the indefinite appointment of a judge.[5] I would now interpret "temporary assistance" to also prohibit a succession of assignment orders that, taken together, amounts to an indefinite appointment.[6] Applying this definition, the superior court's orders were sufficiently limited in time and scope to constitute temporary assistance under the statute.

3. Nevertheless, the state's superior courts have abused the designation statute. The statute was enacted to provide a mechanism for courts to receive judicial assistance when a judge is disqualified, disabled, ill, or absent, or when a court's business requires temporary help.[7] It was never intended to convert part-time positions to full-time judgeships or to elevate magistrates to the superior court bench. As difficult as the crisis caused by the shortage of judges has been, it does not justify circumventing the constitutional and statutory safeguards placed on the state's superior courts.

In the past two years, this court has seen an increasing number of appeals from trials in which part-time magistrates have presided. These appeals illustrate the problems when persons without sufficient judicial training or experience are assigned to preside over felony and domestic trials which our State Constitution reserves exclusively for superior courts.[8]

I am especially troubled by the potential conflict created when practicing attorneys, including part-time magistrates, are assigned to serve as judges.[9] To avoid these conflicts, the General Assembly has prohibited superior court and full-time state court judges from practicing law[10] and restricted the practice of part-time judges and magistrates.[11] The Judicial Qualifications Commission points out that a judge who practices law "occupies a very sensitive position with reference to the Code of Judicial Conduct."[12] This dual role makes it more difficult for judges to avoid the appearance of impropriety and promote public confidence in the impartiality of the judiciary, as the

---

[5] See *Cramer v. Spalding County*, 261 Ga. 570, 572 (409 SE2d 30) (1991).

[6] See *Dozier v. Wild*, ____ S2d ____ (Fla. App. 1995).

[7] See OCGA § 15-1-9.1 (b).

[8] See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I.

[9] See, e.g., Formal Advisory Op. 86-2 (1989) (concluding that it is inappropriate for a judge who issues criminal warrants or presides over criminal trials to represent criminal defendants regularly or exclusively); see also Judicial Qualifications Comm. Op. No. 200 (1995) (noting the inherent conflict between the role of lawyer and judge).

[10] See OCGA §§ 15-6-5; 15-7-21 (b).

[11] See OCGA § 15-7-21 (b) (prohibiting part-time state court judges from practicing in their own court or in any matter where they have exercised jurisdiction); OCGA § 15-10-22 (b) (prohibiting magistrates who are attorneys from practicing in their own court or appearing in any matter where they have exercised jurisdiction); see also Georgia Court and Bar Rules, Application of the Code of Judicial Conduct, p. 13-17 (describing restrictions on the practice of law by part-time judges).

[12] Judicial Qualifications Comm. Op. No. 31 (1978).

commission's many opinions on the subject illustrate.[13]

Because of these problems and the serious consequences connected with felony and domestic trials, counties need to curb their practice of designating part-time magistrates to sit as superior court judges. At a minimum, superior courts should refrain from assigning part-time magistrates to preside over felony and domestic trials. Rather, the superior courts should restrict the magistrates' work to presiding over bond hearings and other non-jury proceedings.

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED JULY 28, 1995.

*Ronald J. Scholar*, for appellant.
*Lewis R. Slaton, District Attorney, Henry A. Hibbert, Carl P. Greenberg, Assistant District Attorneys*, for appellee.

---

[13] See Judicial Qualifications Comm. Op. Nos. 19, 31, 45, 48, 53, 59, 69, 87, 88, 91, 107, 109, 121, 134, 137, 142, 151, 154, 155, 157, 175, 177, 180, 183, and 185.