S99A0438. SMITH v. LANGFORD.
(518 SE2d 884)

HINES, Justice.

Smith is the defendant in a criminal trial pending in the Superior Court of Stephens County. Robert B. Struble, Chief Superior Court Judge of the Mountain Judicial Circuit, was originally assigned to preside over Smith's criminal trial. Judge Struble, however, recused himself from the case. Following a request for assistance, John S. Langford, a senior judge based in Fulton County, was appointed to preside over the trial. Smith filed an "Information in Nature of Quo Warranto"[1] seeking to prevent Judge Langford from sitting in his case. He argued that it was unconstitutional for a non-elected senior judge to discharge the duties of the elective office of a

[1] See OCGA § 9-6-60.

judge of the superior courts. The Superior Court of Stephens County refused to restrain Judge Langford from serving and also denied Smith's request to find OCGA §§ 15-1-9.2[2] and 47-8-61[3] unconstitu-

---

[2] OCGA § 15-1-9.2 (1998) provides:

(a) The office of senior judge of the superior courts is created, and judges of the superior courts or former judges of the superior courts may become senior judges as follows:

(1) Any judge of the superior courts who retires pursuant to the provisions of Chapter 8 or Chapter 23 of Title 47 and any such judge who receives a disability retirement benefit under such chapter may become a senior judge beginning on the effective date of the judge's retirement; and

(2) Any judge of the superior courts, whether or not said judge is a member of the retirement system created by Chapter 23 of Title 47, who ceases holding office as a judge of the superior courts and who has at least ten years of service as a judge of the superior courts at the time of ceasing to hold office and who is not eligible for appointment to the office of senior judge under any other law of this state may become a senior judge.

(a.1) Notwithstanding the provisions of subsection (a) of this Code section, any Justice of the Supreme Court of Georgia or Judge of the Court of Appeals or any superior court judge, state court judge, magistrate court judge, or juvenile court judge who ceases holding office as a judge and who has a total of ten years of service in any combination of such offices may become a senior judge. Said combination must include at least five years' service as a Justice on the Supreme Court, Judge on the Court of Appeals, or judge of the superior court, or at least five years as total served in combination as Justice on the Supreme Court, Judge on the Court of Appeals, or judge of the superior court.

(a. 2) Senior judge status as provided in this Code section shall be acquired by a qualified former judge's applying to the Governor for appointment as senior judge. The Governor shall appoint each qualified applicant as a senior judge.

(b) The chief judge of any appellate or superior court of this state may make a written request for assistance to a senior judge. The request by the chief judge may be made if one of the following circumstances arise:

(1) A judge of the requesting court is disqualified for any cause from presiding in any matter pending before the court;

(2) A judge of the requesting court is unable to preside because of disability, illness, or absence; or

(3) A majority of the judges of the requesting court determines that the business of the court requires the temporary assistance of an additional judge or additional judges as provided for in Code Section 15-1-9.1.

(c) An active judge may call upon a senior judge to serve in an emergency or when the volume of cases or other unusual circumstances cause such service to be necessary in order to provide for the speedy and efficient disposition of the business of the circuit.

(d) Senior judges serving as judges of an appellate or superior court under this Code section or any other provision of law shall receive compensation from state funds for each day of service, in the amount of the annual state salary of a judge of the applicable court, divided by 235. In addition to such compensation, such senior judges shall receive their actual expenses or, at the judge's option, in the event of service outside the county of the judge's residence, the same per diem expense authorized by law for members of the General Assembly and shall receive mileage at the same rate as other state employees for such services. Such compensation, expenses, and mileage shall be paid from state funds appropriated or otherwise available for the operation of the appellate or superior courts, upon a certificate by the senior judge as to the number of days served or the expenses and mileage. Such compensation shall not affect, diminish, or otherwise impair the payment or receipt of any retirement or pension benefits, when applicable, of such judge.

tional. We affirm the superior court's denial of Smith's petition.

Smith argues that allowing non-elected senior judges, who have a lifetime tenure, to serve in the place of an elected superior court judge is unconstitutional because it creates a separate category of special superior court judges with a lifetime tenure, without constitutional basis or authority.

Contrary to Smith's assertion, the 1983 Georgia Constitution clearly contemplates and authorizes the service of senior judges in general, and in particular, in the stead of a judge of the superior court. Article VI, Section I, Paragraph III of the 1983 Georgia Constitution defines the constitutional scope of the term "judge," and specifies that it "shall include Justices, judges, *senior judges*, magistrates, and every other such judicial office of whatever name existing or created." (Emphasis supplied.) This same paragraph of the Constitution further states that "[p]rovided the judge is otherwise qualified, a judge may exercise judicial power in *any court* upon the request and with the consent of the judges of that court and of the judge's own court *under rules prescribed by law*." (Emphasis supplied.) 1983 Ga. Const., Art. VI, Sec. I, Par. III. Thus, it is plain that even though the position of senior judge is not an elected one, the Constitution allows a senior judge to exercise judicial power in the superior courts when the assistance of a senior judge is necessary. The Constitution clearly provides that such service will be done as provided by statute, and OCGA §§ 15-1-9.2 and 47-8-61 are simply the statutory enactments pursuant to the Constitution.

Such authorization does not run afoul of the concomitant constitutional requirement that all superior court judges are to be elected on a nonpartisan basis. 1983 Ga. Const., Art. VI, Sec. VII, Par. I. In *Massey v. State*, 265 Ga. 632 (458 SE2d 818) (1995), the criminal defendant challenged the constitutionality of the appointment of a magistrate to preside over the defendant's trial in superior court. See OCGA § 15-1-9.1 (b) (2), (e), (f), and (g). Massey argued that the authorizing statute violated the State Constitution by allowing persons not elected to superior court to preside over a trial in superior court. *Massey* at 633 (2). As this Court discussed in *Massey*, there is the important distinction between holding the office of a sitting superior court judge, and merely being designated, in a time of need, to exercise the judicial power of the superior court in specified circumstances. Id. Here, the designation of Judge Langford to preside over

---

[3] OCGA § 47-8-61 provides:

All persons appointed as senior judges under this chapter shall hold such office for life. The Governor may call upon such judges to serve as judges of the superior courts when the regular judge for some reason is unable to serve. Such judges are also authorized to serve in the superior courts as may be otherwise provided by law.

Smith's trial "cloaked [him] with statutory and constitutional authority to exercise the judicial power of the superior court, but did not make him a superior court judge." Id. at 634 (2). See also *Jersawitz v. Riley*, 269 Ga. 546 (500 SE2d 579) (1998). Moreover, it is undisputed that the extent of Judge Langford's appointment to assist the Superior Court of Stephens County was to preside over Smith's trial, belying any claim of his indefinite service.[4] *Massey,* supra at 634 (3).

Lastly, there is no merit to the argument that the authorization for the service of senior judges conflicts with the provision in Article VI, Section I, Paragraph I of the 1983 Constitution, which mandates that the judicial power of the state be vested exclusively in magistrate courts, probate courts, juvenile courts, state courts, superior courts, the Court of Appeals, and the Supreme Court. The creation of the position of senior judge does not establish a separate judicial forum.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 14, 1999.

*William R. Oliver, Lynn M. Friedewald, Michael Mears,* for appellant.

*Thurbert E. Baker, Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Christopher A. McGraw, Assistant Attorney General,* for appellee.

---

[4] Smith also argues that the creation of the status of senior judge constitutes an impermissible class of superior court judges with infinite service. However, as Judge Langford's appointment in this case demonstrates, lifetime status as a senior judge does not amount to unbounded service. Appointment to *serve* as a senior judge in superior court is governed by the restrictions of OCGA § 15-1-9.2 (b), (c).