### S02A0631. EARL v. MILLS.
(570 SE2d 282)

BENHAM, Justice.

Appellant John R. Earl is a resident of Cherokee County who filed a complaint seeking a declaratory judgment that the "Family Court" established by a standing order issued pursuant to OCGA § 15-1-9.1 (b) (2) (D) by appellee Frank C. Mills III, chief judge of the superior courts of the Blue Ridge Judicial Circuit, and the chief judges of the circuit's state and juvenile courts, was illegal and unconstitutional, as were the appointments of two judges appointed to preside over the family court. In the standing order, the juvenile court, state court, and superior court judges provided for the creation of a *"de facto* 'Family Court' " that required the permanent assistance of judges, to be provided by the juvenile court judges. The standing order set out that "[j]uvenile judges responding under this Request shall preside as superior court judges. . . ." In the standing order, the superior court judges agreed to a reassignment of certain classes of cases from state court to superior court. The order noted that the cases handled by the family court "shall have no jurisdictional separation from superior court, and no separate official docket need be kept."

Appellant's complaint alleged that the judicial action taken to create the family court violated Article VI, Section I, Paragraph VII of the Georgia Constitution which gives the legislature, not the judiciary, the authority to "abolish, create, consolidate, or modify judicial circuits and courts and judgeships. . . ." Appellant also contended the family court was unconstitutional since it is not among the classes of courts listed in the Georgia Constitution as those in which the judicial power of the State is vested exclusively. Ga. Const., 1983, Art. VI, Sec. I, Par. I.[1] The complaint also alleged that OCGA § 15-1-9.1 (b) (2) (D), the statute pursuant to which the standing order was issued, was unconstitutional in that it authorized members of the judicial branch to exercise power constitutionally reserved to the legislative and executive branches, and that OCGA § 15-1-9.1 (a) (3) was unconstitutionally vague and in conflict with § 15-1-9.1 (b) (2). Appel-

---

[1] "The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court." Ga. Const., Art. VI, Sec. I, Par. I.

lant sought injunctive relief to restrain and enjoin the existence and practice of the family court and to restrain and enjoin the judges sitting on the family court from exercising any authority as judges. The petition also sought from appellee an award of costs and attorney fees pursuant to OCGA § 13-6-11, and punitive damages. On appellee's motion, the trial court applied the doctrine of judicial immunity and dismissed the claims for attorney fees, costs, and punitive damages. The claims for declaratory judgment and injunctive relief were dismissed after the trial court found they failed to state a claim upon which relief could be granted. This appeal follows the trial court's dismissal of the complaint.

1. The trial court determined appellee was entitled to judicial immunity since he was acting in his judicial capacity when he issued the standing order; accordingly, the trial court granted the motion to dismiss the claims for attorney fees, costs, and punitive damages. Since judges are immune from liability in civil actions for acts performed in their judicial capacity, the trial court did not err when it dismissed that portion of the complaint seeking damages from Judge Mills. *Peacock v. Nat. Bank &c. of Columbus*, 241 Ga. 280 (2) (244 SE2d 816) (1978); *Maddox v. Prescott*, 214 Ga. App. 810 (1) (449 SE2d 163) (1994).

2. The trial court dismissed the portion of the complaint seeking declaratory and injunctive relief after finding it failed to state a claim upon which relief could be granted. The trial court based its dismissal on its ruling that the complaint took issue with action taken by the defendant pursuant to a validly-enacted statute, and its finding that the claim "alleging a violation of some Constitutionally protected right" was "without basis." We disagree with this portion of the trial court's ruling.

"A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." (Punctuation omitted.) *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (160 SE2d 874) (1968). The burden is on the movant to make the showing that the complaint lacks factual or legal merit (see *Willis v. Dept. of Revenue*, 255 Ga. 649 (1) (340 SE2d 591) (1986)), and no such showing was made in the case at bar. Appellant contended that the actions contemplated by the standing order were unconstitutional, as was the statute on which the standing order was partially based, OCGA § 15-1-9.1 (b) (2) (D), because, by permitting judges to request the *permanent* assistance of other judges, it authorized members of the judiciary to create judgeships and thereby exercise authority given in the Georgia Constitution to the General Assembly. The constitutional claims have not been addressed by this

Court in previous decisions; nor has the constitutionality of the statutory subsection, enacted in 1998, been addressed by this Court. While this Court held in *Massey v. State*, 265 Ga. 632 (2) (458 SE2d 818) (1995), and *Smith v. Langford*, 271 Ga. 221, 223 (518 SE2d 884) (1999), that the designation of magistrates and senior judges to assist superior court judges on a temporary basis pursuant to OCGA § 15-1-9.1 (b) (2) (C) did not violate the constitutional provision that all superior court judges are to be elected (Art. VI, Sec. VII, Par. I), this Court has not addressed whether a constitutional violation occurs when the designated judges are assisting on a permanent basis. See *Massey v. State*, supra, 265 Ga. 632, 636-637 (Fletcher, P. J., concurring specially).

Likewise, there is no appellate decision that controls appellant's contentions that appellee was without constitutional authority to create a family court because a "family court" was not contained in the Constitution's listing of the courts in which the judicial power of the State is vested exclusively (see Art. VI, Sec. I, Par. I), and that the standing order resulted in the unconstitutional judicial creation and/ or modification of courts and judgeships. See Art. VI, Sec. I, Par. VII. Because appellee/movant did not show that there was an absence of law to support appellant's claims, the trial court erred in dismissing the petition for declaratory and injunctive relief for failure to state a claim. Accordingly, we reverse that portion of the trial court's judgment and remand the case to the trial court for consideration of those issues.

*Judgment affirmed in part and reversed in part and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Luann M. Evans*, for appellant.

*Thurbert E. Baker, Attorney General, Charles E. Hoffecker, Assistant Attorney General*, for appellee.