## A07A0227. JONES v. THE STATE.
(645 SE2d 602)

MIKELL, Judge.

After a jury trial, Bill Joseph Jones was found guilty and sentenced to life imprisonment (with the possibility of parole) plus five years for his convictions on the following counts: rape (life); kidnapping with bodily injury (life); two counts of aggravated assault (twenty years per count); hijacking a motor vehicle (twenty years); armed robbery (twenty years); two counts of aggravated sodomy (twenty years per count); aggravated stalking (ten years); false imprisonment (ten years); battery (twelve months); one count of theft by taking (ten years); two additional counts of theft by taking (twelve months per count); all to run concurrently. In addition, Jones was sentenced to five years per count for his convictions on four counts of possession of a firearm in the commission of a felony, these sentences to run concurrently with each other but consecutively to the other terms of imprisonment. On appeal, Jones challenges the sentences imposed by the trial court. We conclude that the trial court erred in failing to merge certain charges for sentencing purposes. As appellant has enumerated no other errors, we affirm all other aspects of the judgment.

Viewed in the light most favorable to support the jury's verdict, the record shows that, on December 19, 2005, Jones broke into the home of the victim, who had formerly been his girlfriend, and, when she later returned, he seized her from behind and put a large knife to her neck, causing her to scream so loudly that a neighbor heard her. At the time of the incident, a family violence protective order, obtained some months earlier by the victim, was outstanding against

---

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Boyd*, supra.

Jones. Telling her, "I will stab your eye out if you move," he made her disrobe and crawl on her knees up the stairs to her bedroom. He told her that he intended to rape her, steal her car, and flee to Mexico. He searched for and found her gun; threatening her with it, he forced her to engage in oral sex with him; he raped her anally, then vaginally; and he beat her in the face with his hands and fists, inflicting visible injuries upon her. At this point, Jeff Cooper,[1] the victim's neighbor, became concerned for her safety and rang the doorbell. Jones prevented her from answering the door; instead, he made her speak to Cooper through the upstairs window. After Cooper left, Jones forced the victim onto her knees and cut off her long hair. He grabbed a bag which he had filled with items belonging to her, including a laptop computer and a camcorder, and forced the victim to accompany him outside, where Cooper, who had already summoned the police, accosted Jones and urged him to release her. Jones replied, "[T]his has nothing to do with you, I've got a gun." He ordered the victim into her car, drove it around the corner, and abandoned it when he heard approaching police sirens. He forced the victim to accompany him on foot until they finally reached a Chevron service station with an automatic teller machine (ATM), near the intersection of Highway 138 and Interstate 85. There Jones forced the victim at gunpoint to withdraw approximately $400 in cash and hand it over to him, whereupon he fled, leaving her at the service station.

Jones argues, in his sole enumeration of error, that several of the offenses of which he was found guilty should have been merged by the trial court for purposes of sentencing. "The key question in determining whether offenses have merged is whether the different offenses are proven with the same set of facts."[2] "We review this legal issue de novo."[3]

1. Jones first argues that the two aggravated assault counts (OCGA § 16-5-21 (a)) should merge. This argument is without merit. One aggravated assault count was for aggravated assault with a knife (Count 4 of the indictment); the other was for aggravated assault with a gun (Count 5). The evidence shows that Jones first grabbed the victim and threatened her with a knife. At this point, the crime of aggravated assault with a knife was complete. Only after he had taken her upstairs to her bedroom did he threaten her with the gun. At that point, he committed aggravated assault with a gun.

---

[1] The witness is also known as Enero Cooper.

[2] (Citations omitted.) *Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005). See also OCGA § 16-1-6 (1).

[3] (Citation and footnote omitted.) *Cutter v. State*, 275 Ga. App. 888, 889 (1) (622 SE2d 96) (2005).

"Accordingly, the underlying facts used to prove each offense are different and the evidence showed that one crime was complete before the other occurred."[4]

2. Jones argues that Count 7, hijacking a motor vehicle (OCGA § 16-5-44.1 (b)), should merge with Count 8, armed robbery (OCGA § 16-8-41 (a)). Under the facts of this case, however, these two offenses were committed separately, not only as to time, but also as to place. Jones hijacked the victim's car in her driveway, when he obtained it in the victim's presence, by force, while in possession of a firearm. Later, he committed armed robbery when he took the victim's money at gunpoint at the ATM. Thus, the evidence used to prove each crime is different, and the record shows that one crime was complete before the other took place.[5] Moreover, the hijacking statute specifically provides that motor vehicle hijacking "shall be considered a separate offense and shall not merge with any other offense."[6]

3. Jones asserts that Count 12, false imprisonment (OCGA § 16-5-41 (a)), should have been merged into Count 10, kidnapping with bodily injury (OCGA § 16-5-40). The record shows, however, that Jones forced the victim upstairs where he sexually abused her and beat her up. At that point, the evidence necessary for the jury to find Jones guilty of kidnapping ("the asportation of the victim [somewhere] she did not wish to go"[7]) with bodily injury was complete.[8] False imprisonment occurred later, when Jones forced the victim to remain with him in her bedroom and bathroom while he cut her hair against her will.[9]

4. Jones contends that Count 6, battery (OCGA § 16-5-23.1 (a)), is factually included in Count 10, kidnapping with bodily injury. Count 6 charges Jones with battery because he "did intentionally cause visible bodily harm to [the victim] by striking her several times with his fist causing brusing [sic] to her forehead." The only allegation of bodily injury in connection with the kidnapping count is that Jones "did hold [the victim] against her will, said act resulting in . . .

---

[4] (Citation and punctuation omitted.) *Chatfield v. State*, 279 Ga. App. 32, 36 (2) (630 SE2d 178) (2006) (no merger where aggravated assault with gun preceded aggravated assault with knife).

[5] See id.

[6] OCGA § 16-5-44.1 (d). See also *Boykin v. State*, 264 Ga. App. 836, 842 (6) (592 SE2d 426) (2003) (armed robbery did not merge with hijacking a motor vehicle).

[7] *Johnson v. State*, 195 Ga. App. 723, 724 (2) (394 SE2d 586) (1990).

[8] See *Owens v. State*, 271 Ga. App. 365, 367-368 (2) (609 SE2d 670) (2005) (first, defendant committed false imprisonment by holding victim at gunpoint; kidnapping occurred immediately after, when defendant forced victim from store proper to store's back office); OCGA § 16-5-40 (a) ("[a] person commits the offense of kidnapping when he abducts . . . any person without lawful authority . . . and holds such person against his will").

[9] See *Johnson*, supra (kidnapping victim by car did not merge with false imprisonment occurring when defendant held victim in car against her will).

bruising on her head." Thus, the evidence required to convict Jones of battery was the only evidence showing the bodily injury described in the kidnapping charge. "If, in establishing the commission of a crime, the State relies entirely upon the same evidence used to establish a separate crime charged in the same indictment, as a matter of law the former charge is included in the latter charge."[10] The offense of battery was included in, and should have been merged with, the offense of kidnapping with bodily injury. Therefore, we vacate the sentence imposed under Count 6 and remand the case for resentencing, with directions to merge Count 6 into Count 10.

5. Jones contends that his convictions for theft by taking (OCGA § 16-8-2) under Counts 18, 19, and 20 should all have been merged into his conviction for armed robbery (Count 8). Under the same analysis used in Division 1 above, however, these are separate offenses because each is established by proof of different facts:[11] the theft-by-taking convictions were based on Jones's taking the victim's handgun, laptop computer, and camcorder from her home, whereas the armed robbery conviction was based on Jones's later taking cash from the victim at gunpoint at the ATM, some distance away.

6. We find merit, however, in Jones's argument that the theft-by-taking counts (Counts 18, 19, and 20) should have been merged into each other. Where one victim is robbed of multiple items in a single transaction, only one robbery is committed;[12] thus, the facts in this case support only one conviction for theft by taking, and the trial court erred in failing to merge Counts 19 and 20 into Count 18. Thus, we vacate the sentences imposed under Counts 19 and 20 and direct the trial court to merge Counts 19 and 20 into Count 18 for resentencing.

7. Jones also challenges the sentences imposed for violation of OCGA § 16-11-106 (b) under Count 13 (possession of a handgun during the commission of aggravated assault), Count 14 (possession of a handgun during the commission of kidnapping), and Count 15 (possession of a handgun during the commission of hijacking a motor vehicle). Jones apparently argues that these convictions should be

---

[10] (Citation and punctuation omitted.) *Guillen v. State*, 258 Ga. App. 465, 471 (6) (574 SE2d 598) (2002) (aggravated battery by stabbing merged into kidnapping with bodily injury as a matter of law where proof of stabbing was only evidence showing bodily injury described in kidnapping charge).

[11] See *Clay v. State*, 209 Ga. App. 266, 269 (3) (433 SE2d 377) (1993) (no merger of aggravated assault and armed robbery where "victim testified to several different, although sequential, acts performed by [defendant] against her person") (footnote omitted).

[12] See *Bland v. State*, 264 Ga. 610, 612 (4) (449 SE2d 116) (1994) (taking of multiple items from one victim in single transaction supports only one conviction of armed robbery); accord *Phanamixay v. State*, 260 Ga. App. 177, 180 (3) (581 SE2d 286) (2003). Compare *Jones*, supra at 857-858 (3).

merged into his conviction under Count 9 (possession of a handgun during the commission of rape), the sentence for which he has not challenged in this appeal. Where there is a single victim, the defendant may be convicted once, but only once, under each of the five subsections of OCGA § 16-11-106 (b).[13] Thus, as to Counts 9 and 15, we conclude that no merger occurs because Count 15 is based on section (b) (3) of the statute, whereas Count 9 is based on section (b) (1). Because Counts 9, 13, and 14 are all based on section (b) (1), however, Counts 13 and 14 should have been merged into Count 9. Accordingly, we vacate Jones's sentences under Counts 13 and 14 and direct the trial court to merge Counts 13 and 14 into Count 9 for resentencing on remand.

8. In summary, we vacate the sentence imposed under Count 6 (battery) and direct the trial court to merge Count 6 into Count 10 (kidnapping), in accordance with Division 4 above; we vacate the sentences imposed under Counts 19 and 20 (theft by taking) and direct the trial court to merge Counts 19 and 20 into Count 18, in accordance with Division 6 above; we vacate the sentences imposed under Counts 13 and 14 (possession of a weapon during the commission of a felony) and direct the trial court to merge Counts 13 and 14 into Count 9, in accordance with Division 7 above; and we remand to the trial court for resentencing on the surviving counts. Appellant having enumerated no other errors, we affirm the judgment in all other respects.

*Judgment affirmed; sentence vacated in part and case remanded for resentencing. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2007.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Melvin Abercrombie, Assistant District Attorney*, for appellee.

---

[13] See *State v. Marlowe*, 277 Ga. 383, 386 (2) (c) (589 SE2d 69) (2003); accord *Bell v. State*, 278 Ga. 69, 73 (7) (597 SE2d 350) (2004) (conviction for possession of knife during commission of murder merged with conviction for possession of knife during commission of kidnapping with bodily injury); OCGA § 16-11-106 (b) ("Any person who shall have on or within arm's reach of his . . . person a firearm . . . during the commission of . . . (1) [a]ny crime against or involving the person of another; [or] (3) [a] theft . . . of a vehicle; . . . and which crime is a felony, commits a felony").