[Civ. No. 15945. Third Dist. Feb. 7, 1977.]

JAMES V. PARNELL, Plaintiff and Appellant, v.
CLAUDE H. SMART, JR., et al., Defendants and Respondents.

834

**COUNSEL**

Ericksen, Ericksen, Lynch, Mackenroth & Arbuthnot and David E. Mackenroth for Plaintiff and Appellant.

Hardy, Erich & Brown and William A. Wilson for Defendants and Respondents.

**OPINION**

**REGAN, J.**—In this action plaintiff seeks damages from defendants-attorneys for alleged legal malpractice arising from their handling of an uninsured motorist claim.

### FACTS

On June 6, 1973, plaintiff's wife was a passenger in a vehicle owned and operated by the Hudsons which was involved in a collision with an uninsured motorist. The collision resulted in the death of plaintiff's wife.

Farmers Insurance Group was the insurer for the Hudsons. Grange Insurance Association provided uninsured motorist coverage to plaintiff. Plaintiff made a claim against Farmers Insurance for uninsured motorist benefits. Farmers allegedly wrongfully refused to pay any such benefits maintaining there had been an uninsured motorist coverage waiver executed by the Hudsons. Plaintiff then made a claim under his own policy with Grange and received the full limits of that policy ($15,000).

Thereafter, plaintiff instituted arbitration proceedings against Farmers. In those proceedings, Farmers retained defendants to represent Farmers' interests. It is from the alleged mishandling of this claim by Farmers and its attorneys, the defendants, that the present action arises.

Prior to the arbitration hearing, plaintiff allegedly communicated several settlement offers to defendants, the last apparently being for $19,965.52. Some of the demands were refused and some lapsed because of defendants' failure to respond in a timely manner. The matter then went to arbitration and resulted in an award of $43,457.50 in favor of plaintiff. This award was confirmed by the superior court and Farmers paid $15,000. The remaining $27,457.50 is still due and owing.[1]

---

[1]The amount of the award is apparently in excess of the policy limits of the uninsured motorist coverage provided by Farmers.

Plaintiff's first amended complaint contains five causes of action, the first four of which are lodged against Farmers Insurance. Among other things, the complaint alleges a "bad faith" failure on the part of Farmers to settle the arbitration claim.

The fifth cause of action is against defendants and makes the following allegations: defendants owed a duty of care to plaintiff; defendants breached this duty by failing to convey settlement offers and all the facts of the accident to Farmers before the expiration of the offers; defendants were in possession of all of the facts and circumstances concerning the accident, and knew that a trial of the action would result in a verdict substantially in excess of the policy limits; and, defendants foresaw or should have reasonably foreseen the risk of harm to plaintiff created by their negligent conduct.[2]

The trial court found "no precedent for such a cause of action" and sustained defendants' demurrer with leave to amend. Plaintiff failed to do so and the action was dismissed as to these defendants.

Plaintiff appeals, contending:

1. Plaintiff will be without a remedy if its cause of action is dismissed against the demurring defendants.

2. An insurance carrier's retained counsel owes a duty of care to a third party asserting an uninsured motorist claim to disclose to the carrier all settlement offers made in the course of the claim.[3]

■ Plaintiff also argues that if he has no cause of action against Farmers he should, in effect, be granted a cause of action against the defendants (attorneys) or else he will have no remedy. However, a cause of action against the attorneys here cannot be conditioned or predicated upon what may or may not happen in a suit against Farmers. A cause of action must stand on its own stated facts (i.e., its own merits). It is improper to test an alleged cause of action by a method of supposition. (See *Green* v. *Palmer* (1860) 15 Cal. 411, 414-415 [facts must be stated as

---

[2]In the trial court, the plaintiff argued that this fifth cause of action constituted a "statement of malpractice" against the attorneys of Farmers. He further argued that the nonexistence of a fiduciary relationship was irrelevant since the action was based on negligence, not "bad faith."

[3]The defendants claim the only issue on appeal is whether defendants, as adverse counsel in the precedent litigation, owed a duty of care to plaintiff under the circumstances alleged.

.distinguished by hypothesis]; cf., *Philbrook* v. *Randall* (1924) 195 Cal. 95, 103 [231 P. 739] [pleading cannot be left to surmise]; in general, see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 268 et seq.) We conclude that plaintiff's argument is totally irrelevant and lacks substance.

### Duty to Plaintiff

█ Plaintiff contends that an insurance carrier's retained counsel owes a duty to a third party asserting an uninsured motorist claim to disclose to the carrier all settlement offers made in the course of that claim. In this connection he argues that the duty owed by an attorney is not limited to an attorney's clients, relying upon *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685].

In *Lucas* the court held that an attorney may be liable to the intended beneficiary of a client whose will is improperly drawn.[4] In that case the court had occasion to state (at p. 588): "[T]he determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury, and the policy of preventing future harm."

Plaintiff acknowledges that he did not stand in the traditional role as a client of the attorneys. However, in an uninsured motorist proceeding he asserts there does exist a close relationship between the insurance company, its counsel, and the insured bringing the claim. (See *Richardson* v. *Employers Liab. Assur. Corp.* (1972) 25 Cal.App.3d 232, 239 [102 Cal.Rptr. 547]; see also Eisler, Cal. Uninsured Motorist Law (2d ed.) § 14.1, pp. 313-318; cf., *Austero* v. *National Cas. Co.* (1976) 62 Cal.App.3d 511, 515 [133 Cal.Rptr. 107].)

The distinguishing feature of this case is that the defendants occupy the position of counselor to the *adverse* party (Farmers) in an *adverse* proceeding instituted by the plaintiff. Defendants were directly responsible to their client, Farmers, and were under a duty to represent and

[1] See *Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358] (stringent privity test rejected); see 1 Witkin, California Procedure (2d ed. 1970) Attorneys, sections 144 and 148; in general, see 14 Cal. Trial Lawyers Assn. J. 49.

protect their client's interest against the claim being made by plaintiff. In this role they were duty bound to challenge, minimize or, if possible, to defeat the claim being made. Under these circumstances, it is unreasonable to conceive that defendants owed some sort of legal duty to plaintiff. Further, under the facts of this case, there was clearly no intent on the part of Farmers in retaining defendants to defend against the claim to confer any benefit upon plaintiff. Hence, *Lucas* and its progeny are simply not in point. (Cf. *Zahn* v. *Canadian Indem. Co.* (1976) 57 Cal.App.3d 509, 514 [129 Cal.Rptr. 286].)

■ In *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 339 [134 Cal.Rptr. 375, 556 P.2d 737], the court states: "Their appeal presents the legal question of whether or under what circumstances an attorney's duty of care in giving legal advice to a client extends to persons with whom the client in acting upon the advice deals wholly at arm's length. Applying criteria announced in our prior decisions, we conclude for reasons to be explained that the present defendant had no such duty in the absence of any showing that the legal advice was foreseeably transmitted to or relied upon by plaintiffs or that plaintiffs were intended beneficiaries of a transaction to which the advice pertained." And, at page 342: "Plaintiffs assert that if defendant should have reasonably foreseen that this negligent advice or conscious nondisclosure would economically damage plaintiffs he should be liable for such damage. However, there can be no such liability unless defendant owed a *duty* to plaintiffs to avoid the asserted wrongdoings." (Original italics.)

The reasoning and decision of this very recent although factually dissimilar case supports our conclusion reached herein.

We find no duty as claimed by plaintiff under the circumstances of this case.

The judgment is affirmed.

Puglia, P. J., and Janes, J., concurred.