60984. KESSLER v. LIBERTY MUTUAL INSURANCE COMPANY et al.

POPE, Judge.
The automatic dismissal of appellant Kessler's medical malpractice suit on October 6, 1976, for failure to file a written order within five years of instigation of the action as provided by Code Ann. §§ 81A-141 (e) and 3-512, was affirmed by this court in *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470) (1978). Mrs. Kessler then filed the instant suit on April 7, 1979, against Liberty Mutual, the insurance carrier of defendant Williams in the first action, and Malberry Smith, Jr., the attorney retained by Liberty Mutual to represent Dr. Williams. The complaint alleged that Smith had been directed by the trial court during the course of the first suit to draw up an order as to certain rulings made at a hearing on September 13, 1973, which Smith failed to do; and that Smith and Liberty Mutual "fraudulently schemed, connived and conspired with each other to use deceitful and fraudulent means to keep [appellant] from finding out the true status and . . . to make [appellant] and her attorney think

that the case was still valid and pending," by not telling them that the order had not been filed during the five year period before the suit was automatically dismissed and continuing to discuss the pending suit and trial with them. Damages of $1,100,000 and court costs were sought. Appellees denied all material allegations and filed a motion to dismiss on the ground, inter alia, that the claim was barred by the statute of limitation, which was granted. Mrs. Kessler appeals from this order of dismissal and we affirm.

Assuming without deciding that appellant's complaint stated a claim in fraud for which relief could be granted, Smith's alleged failure to reduce the trial court's rulings to a written order following the hearing of September 13, 1973 would constitute at most constructive fraud. Code § 37-702; *Riddle v. Driebe,* 153 Ga. App. 276 (265 SE2d 92) (1980); *Comerford v. Hurley,* 154 Ga. App. 387 (268 SE2d 358) (1980). Appellant's right of action against appellees thus accrued on that date, when Smith committed the act complained of, and not when the suit was ultimately dismissed as a result of the asserted fraud. See *Webb v. Lewis,* 133 Ga. App. 18 (209 SE2d 712) (1974). The statute of limitation for such actions is four years. Code § 3-1001; *Limoli v. First Ga. Bank,* 147 Ga. App. 755 (250 SE2d 155) (1978).

" 'Where a right of action exists because of wrongful conduct which does not involve actual fraud, in order to prevent the statute of limitations from running by reason of the fraud of the party committing it, consisting in the concealment of such conduct, there must be something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relation.' " *Shipman v. Horizon Corp.,* 245 Ga. 808, 809 (267 SE2d 244) (1980). The filing of an order is a matter of public record of which it was the duty of Mrs. Kessler's attorney to keep her informed. See *Bragg v. Bragg,* 225 Ga. 494 (170 SE2d 29) (1969); *Berman v. Rubin,* 138 Ga. App. 849 (227 SE2d 802) (1976). It is unreasonable to conclude that a defendant who is legal counsel to an adverse party in an adverse proceeding owes a duty to or occupies a position of confidential relationship with the plaintiff instituting the action. Accord, Parnell v. Smart, 66 Cal. App. 3d 833 (136 Cal. Rptr. 246) (1977). Therefore, the time period within which suit could be filed expired on September 12, 1977, and the instant action, filed April 7, 1979, is barred by the statute of limitation.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981 —

Rehearing denied January 30, 1981.

*Michael D. Marburger, Donald E. Austin,* for appellant.
*Luhr G. C. Beckmann, Jr., Edward T. Brennan, James R. Gardner, Andrew J. Hill III,* for appellees.