66872. SCOTT et al. v. DeKALB COUNTY HOSPITAL
AUTHORITY et al.

SHULMAN, Chief Judge.
The automatic dismissal of appellants' medical malpractice suit on June 16, 1982, for failure to take a written order for a period of five years (OCGA § 9-2-60 (b) (Code Ann. § 3-512)) was affirmed by this court in *Scott v. DeKalb County Hosp. Auth.,* 168 Ga. App. 548 (309 SE2d 635). Appellants refiled their suit on February 15, 1983, under the auspices of OCGA § 9-2-61 (Code Ann. § 3-808) (the "six-month rule") alleging, among other things, that the statute of limitation had been tolled under OCGA § 9-3-96 (Code Ann. § 3-807) "by the fraudulent conduct of the Defendants and their agents." The complaint then alleged conduct on the part of appellees' attorneys which purportedly constituted the tolling fraud. When appellees'

258

motion to dismiss was granted, this appeal followed.

1. An automatic dismissal is one without prejudice inasmuch as it is not an action on the merits of the case. *Stone v. Green,* 163 Ga. App. 18 (2) (293 SE2d 506). Therefore, appellants had the opportunity to refile their action under OCGA § 9-2-61 (Code Ann. § 3-808) within six months of the date of the dismissal of the first suit, June 16, 1982. *Calloway v. Harms,* 135 Ga. App. 54 (217 SE2d 184). The six-month extension had expired by the time appellants refiled their suit on February 15, 1983. However, a statute of limitation is tolled "[i]f the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action . . ." OCGA § 9-3-96 (Code Ann. § 3-807). Appellants invoked the saving principles of this statute by alleging, in their refiled complaint, fraud on the part of appellees' attorneys. Under OCGA § 9-3-96 (Code Ann. § 3-807), however, only actual fraud tolls the statute of limitation. *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244). The fraudulent activity alleged by appellants, if fraud at all, amounts to constructive fraud, which does not toll the statute. *Kessler v. Liberty Mut. Ins. Co.,* 157 Ga. App. 287 (277 SE2d 257). Thus, the trial court properly granted appellees' motion to dismiss.

2. Appellants also contend that the trial court erroneously "may have considered and disbelieved the allegations of fraud in appellants' complaint." We can find no factual basis in the record for this assertion, and appellants have not cited us to any. Unless the contrary appears, it is presumed that a public official performs his duties in a proper manner. *Kight v. Gilliard,* 215 Ga. 152 (109 SE2d 599). We apply the presumption and affirm the action taken by the trial court.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 23, 1983 —
REHEARING DENIED DECEMBER 12, 1983 —

*Robert E. Shields, Joseph B. Gellman,* for appellants.
*Robert G. Tanner, Sidney F. Wheeler, Henry D. Green, Jr.,* for appellees.