A99A1174. McDOUGAL v. THE STATE.
(521 SE2d 458)

PHIPPS, Judge.

Sean McDougal was convicted of the rape and kidnapping with bodily injury of his estranged wife and given a sentence of life imprisonment. He moved for a new trial on grounds which included ineffective assistance of trial counsel. McDougal's motion for new trial was denied. He now appeals.

The victim married McDougal in 1990. After having two children, they separated in September 1995. He continued living in their marital residence in Lawrenceville while she eventually moved into another home in Lilburn.

State's evidence showed that on July 23, 1996, she was leaving her home in the early afternoon. For her protection, she was carrying a handgun. As she was locking the front door, defendant appeared. He ran toward her and knocked her to the ground. He shocked her with a stun gun several times, hurting but not incapacitating her. He

then forced her to get into her minivan, retrieved her handgun which she had dropped, and drove the vehicle away. He was angry because she had a boyfriend. Eventually, he drove to a relatively deserted area behind a Revco drug store, forced her to remove her clothing, and raped her. At trial, McDougal gave a different version of events, ultimately testifying that he and the alleged victim engaged in consensual sexual intercourse on the occasion in question. His defense was in part based on the assertion that the alleged victim had a motive to make false accusations against him in order to obtain advantage in a custody dispute over their two children. Additional evidence will be discussed as the enumerations are reviewed.

1. McDougal first contends that the evidence did not establish that the victim sustained the bodily injuries alleged in the indictment, so that the evidence is insufficient to support his conviction of kidnapping with bodily injury.

The indictment charged McDougal with causing bodily injury to the victim consisting of scratches around her left shoulder blade and red marks above her right buttock. Based on the testimony of Sergeant Dillard Hughes (an expert in electronic stun guns) McDougal argues that these were only marks left by the stun gun and not injuries. Hughes testified that stun guns are intended to incapacitate a person without causing bodily injury, that the contact probes on such guns leave "signature marks" resulting from oxidation caused by electricity passing through the skin, that these are not burn marks, and that the marks disappear within two to six weeks. The testimony of the victim, of Kristine Miller (the nurse who examined the victim at the rape crisis center), and of Martina Pusbach (an investigating officer) authorized the jury to find that the victim was hit with the stun gun with such force that it caused "scratches" or "abrasions" properly characterized as physical injuries. Any physical injury, however slight, suffices to support a conviction of kidnapping with bodily injury. *Green v. State*, 193 Ga. App. 894, 896 (1) (389 SE2d 358) (1989). This enumeration is without merit.

2. McDougal maintains that there was a fatal variance between the indictment's allegation that the bodily injury to the victim consisted of scratches and red marks and the evidence showing that she sustained vaginal tears as a result of the rape. This enumeration is also without merit.

Where, as here, the evidence at trial is sufficient to authorize the jury to find that the defendant inflicted bodily injuries alleged in the kidnapping-with-bodily-injury indictment, the fact that there is evidence of other bodily injuries does not result in a fatal variance between the allegata and probata. See *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994). *Rowland v. State*, 228 Ga. App. 66, 69 (3) (a) (491 SE2d 119) (1997), relied on by McDougal, does not hold

otherwise. The decision in *Rowland* was that evidence that the defendant committed an aggravated assault in a manner other than that alleged in the indictment could not serve as the basis for his conviction. Although McDougal complains of the trial court's jury instruction as to how the offense of kidnapping with bodily injury could be proved, he has not enumerated error thereon.

3. McDougal challenges the admissibility of testimony by Kristine Miller that the vaginal tear she observed on the victim was consistent with non-consensual sex. "A person commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will." OCGA § 16-6-1 (a) (1). The terms "forcibly" and "against her will" are two separate elements. *House v. State*, 236 Ga. App. 405, 408 (1) (512 SE2d 287) (1999). The term "against her will" means without consent; the term "forcibly" means acts of physical force, threats of death or physical bodily harm, or mental coercion such as intimidation. Id.

Miller described the vaginal tear as an open wound that was inflamed and producing secretions. On the basis of her observations of the injury and her experience as a nurse conducting pelvic examinations in both routine cases and those involving sexual assaults, Miller testified that the vaginal injury in this case was consistent with trauma associated with non-consensual sex. Miller later explained her opinion in this regard by testifying that a traumatic event such as this is very painful and few people would consent to it.

The witness's testimony was not objectionable. *Nichols v. State*, 177 Ga. App. 689, 692 (2) (340 SE2d 654) (1986), relied on by McDougal, held that an examining physician's notation in a medical report that a rape had occurred was not admissible in evidence because it constituted a legal conclusion. *Nichols*, however, noted that it would have been proper for the medical expert to have testified that the intercourse had been forcible based on data observed by the expert or presented by other witnesses, because that would have been an opinion as to a fact. Although the expert in this case gave her opinion that the victim's vaginal injury was consistent with non-consensual rather than forcible sex, the facts testified to by her could have served as the basis for either conclusion. The opinion she gave was factual and not legal. Under the circumstances, the witness's testimony on this issue was admissible.

4. McDougal charges his trial attorney with ineffective assistance of counsel in numerous respects.

> "To establish a claim of ineffective assistance of counsel, [McDougal] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists

that the result of the trial would have been different but for that deficiency. [Cit.] [McDougal] must establish both the performance and the prejudice components. . . . (Cits.)" [Cit.]

*Nihart v. State*, 227 Ga. App. 272, 273 (1) (488 SE2d 740) (1997). Insofar as deficient performance is concerned, McDougal must show that counsel's actions fell below an objective standard of reasonableness. *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous. *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

(a) McDougal claims that counsel was ineffective in failing to subpoena a witness who could have given testimony contradicting the victim's denial that she was having an affair with a male living in her home. But the testimony given by trial counsel at the hearing on the motion for new trial showed that he made unsuccessful attempts to subpoena this witness and then sought to impeach the victim's credibility by establishing the fact in issue through the testimony of other witnesses. McDougal has not shown that counsel's actions were unreasonable.

(b) McDougal contends that his trial attorney was a material witness in the case and therefore should have disqualified himself before trial or moved for a mistrial during the trial.

Trial counsel, who had been representing McDougal for two and one-half years throughout the unresolved divorce proceeding between him and the victim, could have testified that a videotape made during that proceeding showed various individuals smoking suspected crack cocaine on the front porch of the victim's residence. However, the events depicted in the videotape were admitted in evidence through the testimony of the private investigator who made the tape. Moreover, the record shows that McDougal, in consultation with his trial lawyer, decided before trial that he was better served by utilizing this attorney as his legal representative rather than as a fact witness. McDougal reaffirmed this decision in open court during the trial. There was no obligation on the part of trial counsel to provide McDougal with the assistance of another attorney in making this decision. Neither deficient performance by counsel nor harm to the defendant appears.

(c) McDougal charges his trial lawyer with ineffective assistance in failing to object to comments by the prosecuting attorney in closing argument to the effect that we have a judicial system which subjects complainants in a rape case such as this to questioning by the prosecuting attorney lasting forty-five minutes and by the defense attorney lasting five or six hours, and that for "our mothers and our

daughters and our sisters," we do not want such a system or one which requires such complainants to be "chaste and pure and beyond reproach."

McDougal argues that these remarks constituted an impermissible condemnation of the exercise of his constitutional right of cross-examination. To the extent that the prosecutor's statements may be subject to this criticism, there is no reasonable probability that the statements had the effect of changing the result of the trial. *Burgess v. State*, 264 Ga. 777, 785 (21) (450 SE2d 680) (1994).

5. Finally, McDougal contends that the trial court erred in failing to have bench conferences taken down by the court reporter, and he asks that the case be remanded for the purpose of attempting to reconstruct the missing portions of the transcript.

Although McDougal did not request that a transcript of the bench conferences be prepared pursuant to OCGA § 5-6-41 (d), the court in its order denying McDougal's motion for new trial recounted the matters which had transpired during each of them. In this regard, the court found that they either involved administrative matters, or objections and rulings which were placed on the record, or instances in which defense counsel had asked to approach the bench or an objection by the defense had been sustained. McDougal does not challenge the accuracy of the trial court's findings, even though he presumably could have through the assistance of his trial attorney. Therefore, neither harm to McDougal nor the necessity for a remand appears.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED AUGUST 5, 1999 —
RECONSIDERATION DENIED SEPTEMBER 3, 1999

*Glyndon C. Pruitt*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.