A01A0709. SMITH v. THE STATE.
(550 SE2d 683)

SMITH, Presiding Judge.

We granted Roy D. Smith's application for a discretionary appeal to consider whether his probation was improperly revoked because a designated magistrate lacked jurisdiction to hear the case on several grounds. Smith also contends that the trial court erred in revoking his probation and resentencing him because no evidence existed of a violation. We find no merit in Smith's contentions, and we affirm the judgment.

Smith was indicted in Fulton County in 1994 on a charge of possession of marijuana with intent to distribute. At a bench trial on November 3, 1994, before the Honorable Richard Hicks, a Fulton County magistrate sitting by designation, he was found guilty and sentenced under the First Offender Act to five years probation and a fine of $2,500.[1] After reporting to the probation office, Smith filed an appeal in this court, which affirmed his conviction. *Smith v. State*, 218 Ga. App. 12 (460 SE2d 114) (1995). The remittitur was transmitted to the trial court on July 31, 1995. Smith made no attempt after that to comply with the terms of his probation.

In May 1997, when Smith was in the Gwinnett County jail on an unrelated charge, a warrant was issued for his arrest by Fulton County because of his failure to comply with the terms of his probation. A hearing was scheduled and postponed several times before finally being held on March 20, 1998, before the Honorable Benjamin

---

[1] Smith did not contest the designation of Hicks in his earlier appeal.

Spaulding, a Fulton County magistrate sitting by designation.[2]

At the commencement of the hearing, Smith's counsel objected to Judge Spaulding hearing the probation revocation case, contending both that he had not been properly designated and that he was not the "sentencing judge" within the meaning of OCGA § 42-8-34 (g). Judge Spaulding was satisfied that he could hear the case, and the hearing proceeded.

1. As best we can understand Smith's initial contention, he relies on the holding in *Hicks v. State*, 231 Ga. App. 552 (499 SE2d 341) (1998), to support his argument that Judge Spaulding had no authority to hear the probation revocation case because he was not specifically appointed to hear this particular case. In *Hicks*, the appellant challenged "the practice in Cobb County of assigning cases brought by the Marietta, Smyrna, Cobb Drug Task Force ('MCS'), regardless of the case assignment to a particular Cobb Superior Court Judge under Uniform Superior Court Rule 3.1, to the Chief Judge of the Cobb Magistrate Court . . . for disposition." Id. at 552-553. In that case, no order could be found assigning that particular case, "or any MCS case," to the chief magistrate, id. at 553 (2), and no evidence was presented as to what office assigned the cases to the chief magistrate or how the cases were assigned. Id. We held in *Hicks* that under USCR 3.1 and 3.3, only the superior court judge assigned to the case had authority to change the assignment to the chief magistrate and that a "proper written and filed request for assistance under OCGA § 15-1-9.1 is an indispensable prerequisite to clothe the designated judge with jurisdiction and power to act. [Cit.]" Id. at 555 (2). We also held that under the Supreme Court's holding in *Cramer v. Spalding County*, 261 Ga. 570, 573 (409 SE2d 30) (1991), a designating order must specify "either the scope or length of the assisting judge's service." (Citation and punctuation omitted.) *Hicks*, supra at 556 (2). Indefinite appointments may therefore not be made. In *Hicks,* we noted that "the limited record suggests that the requests for assistance were not temporary." Id. In short, this court was concerned in *Hicks* "about the prosecutor's comments that suggest that OCGA § 15-1-9.1 is being used to create a special drug court and that cases are being assigned to that court in violation of [USCR] 3.1 and 3.3." Id. at 557 (2).

In this case, those concerns are not present, and the designating order specified both the scope[3] and the length[4] of Judge Spaulding's

---

[2] Smith was permitted to sign his own bond at a hearing before the Honorable Wayne Pressley on December 2, 1997.

[3] "[B]ond motions and other matters as designated by the Chief Judge."

[4] "[D]uring the term of court, May and June, 1998 as an extension of his duties set forth" in a previous order.

service. For those reasons, we find that *Hicks* is distinguished. Moreover, in *Massey v. State*, 265 Ga. 632 (458 SE2d 818) (1995), the Supreme Court held that an

> order designating a specified, qualified judge to assist a requesting court must contain the time period of the assistance and must be filed and recorded on the minutes of the clerk of the court requesting the assistance. OCGA § 15-1-9.1 (f). Thus, a judge is designated to serve temporarily and does not appear in the superior court on a continuing basis. The statute recognizes that our courts, faced with ever-increasing demands on the judiciary, must be given flexibility to effectively utilize members of the judiciary in mutual assistance.

Id. at 634 (3). The order designating Judge Spaulding meets the requirements set forth in *Massey*.

2. Smith also contends that Judge Spaulding had no authority to hear his probation revocation case because he was not the original "sentencing judge," within the meaning of OCGA § 42-8-34 (g). That statute provides:

> The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of his probated sentence. The judge is empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, to modify or change the probated sentence at any time during the period of time originally prescribed for the probated sentence to run.

It is apparent that the term "sentencing judge" refers to the office and not the person. Our Georgia Constitution provides that as long as he or she is "otherwise qualified, a judge may exercise judicial power in any court upon the request and with the consent of the judges of that court and of the judge's own court under rules prescribed by law." Ga. Const., Art. VI, Sec. I, Par. III. Provisions such as this serve the purpose of avoiding "delay, expense, and inconvenience." *McCullough v. McCullough*, 208 Ga. 776, 777 (1) (69 SE2d 764) (1952) (provision by which city court judges and superior court judges may assist each other by presiding in each other's courts). Smith's interpretation of the Code provision would cause great delay and inconvenience; Smith's original trial took place four years before the hearing on his probation revocation, and it is not clear from the record that Judge Hicks, the original sentencing judge, was available. Both Judge Hicks and Judge Spaulding were sitting for Judge

Long, to whom Smith's case was assigned, and they were both presiding over a matter pending in Judge Long's court. See generally *Rooney v. State*, 217 Ga. App. 850, 851 (459 SE2d 601) (1995). The original sentence was therefore entered under Judge Long's authority, as was the revocation order. We find no error.

3. Finally, Smith contends he did not violate his probation by failing to report or pay his fine after his appeal was resolved. He argues that he had no duty to report until notified of the remittitur. But it is not the duty of the clerks of this court and the trial court to notify defendants of their probation requirements. The clerk of this court mails a copy of the decision to all attorneys. Court of Appeals Rule 35. And the filing of an order is a matter of public record, concerning which attorneys have the duty of keeping their clients informed. See *Kessler v. Liberty Mut. Ins. Co.*, 157 Ga. App. 287, 288 (277 SE2d 257) (1981). "It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients." *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29) (1969).

Moreover, Smith knew he was required to resume reporting and paying his fine when his appeal was concluded. Smith's probation officer testified that Smith had been given a copy of the probation conditions. He testified that Smith was told to report after his appeal was final. Smith did not report, nor did he make any effort to contact his probation officer, for over two years after his appeal was final. The trial court was authorized to find that he failed to comply with the terms and conditions of his probation.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JUNE 18, 2001.

*Spruell, Taylor & Associates, Billy L. Spruell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.