A02A1487. GILES v. THE STATE.
(570 SE2d 375)

MIKELL, Judge.

A jury convicted Oliver Carlson Giles of aggravated stalking, OCGA § 16-5-91, and the court sentenced him to ten years confinement. Acting pro se, Giles now appeals the trial court's order denying

his "motion to vacate void judgment of conviction and sentence," arguing that the court erred in finding that the temporary protective orders issued against him were valid. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

So viewed, the record shows that on December 21, 1998, Giles attacked the victim, Miyoshi Hill, outside her home after he saw her with a male friend. According to Hill, Giles punched and kicked her in the face, dragged her down a hill, and smashed her head against a telephone pole. Hill reported the incident to the Atlanta Police Department, and a warrant was issued for Giles' arrest.

Hill filed a petition for a temporary protective order against Giles on January 26, 1999. That same day, Judge Charles L. Carnes, a Fulton County Senior State Court judge sitting by designation as a superior court judge, issued a temporary protective order and signed a rule nisi setting the matter for a hearing on February 4, 1999. Both parties appeared at the hearing, where Judge R. Wayne Pressley, a magistrate judge sitting by designation as a superior court judge, issued a six-month protective order under the Georgia Family Violence Act. The order required that Giles not come within 200 yards of Hill or attempt to contact her.

Despite Judge Pressley's protective order, there is evidence that Giles continued to write Hill numerous letters and made at least two visits to her home. On June 9, 1999, Giles went to Hill's home and ran toward her. A neighbor intervened, preventing any physical contact, but it was clear that Giles came within 200 yards of Hill. On June 27, 1999, Giles again appeared at Hill's residence. Because it was late at night, Hill had gone first to a police station, where she asked an officer to follow her home. Officer D. R. Terrell escorted Hill to her home. Hill noticed Giles walking down her street. When Giles saw Hill and the officer, he hid inside his car, which was parked near Hill's residence. Officer Terrell arrested Giles.

Giles was indicted on one count of aggravated stalking on October 8, 1999. He filed a motion to quash the indictment, in which he argued, among other things, that the trial court did not have jurisdiction to enter the protective order against him, and, therefore, that the indictment alleging violation of the protective order was void. Judge William Daniel held a hearing on April 18, 2000, and denied

Giles' motion. The case proceeded to trial on June 5, 2000, and Giles was convicted on June 8. He filed a notice of appeal on June 19, 2000, but his appeal was dismissed by this Court on January 8, 2001. Giles filed a "motion to vacate void judgment of conviction and sentence" on April 9, 2001. Following a hearing, Judge Daniel denied the motion. It is from that order that Giles appeals.

1. First, Giles argues that the trial court erred in finding that the initial temporary protective order entered by Judge Carnes and the six-month protective order entered by Judge Pressley were valid. He contends that Judge Pressley's February 4, 1999 order is void for lack of subject matter jurisdiction, because "Judge Pressley was sitting in Courtroom G-33 of the Justice Center Building at 160 Pryor Street which is *State Court*," and protective orders filed under the Georgia Family Violence Act fall within the jurisdiction of superior court. Giles further argues that Judge Carnes, a senior state court judge, did not have the authority to issue the January 26, 1999 temporary protective order. According to Giles, because the temporary protective orders were void, the superior court did not have jurisdiction to convict him of aggravated stalking. We find no error in the court's denial of Giles' motion to vacate his conviction.

The court properly concluded that the six-month protective order issued by Judge Pressley was valid. As the Supreme Court recognized in *Massey v. State*, 265 Ga. 632, 633-634 (3) (458 SE2d 818) (1995), OCGA § 15-1-9.1 (b) (2) authorizes superior courts to request the temporary assistance of an additional judge or judges from other Georgia courts whenever such assistance is necessary. The Supreme Court held that the designation of a magistrate to assist the requesting court "cloaked the magistrate with statutory and constitutional authority to exercise the judicial power of the superior court." *Massey*, 265 Ga. at 634 (2). A designating order must provide the scope and length of an assisting judge's service in order to be valid. *Smith v. State*, 250 Ga. App. 128, 129-130 (1) (550 SE2d 683) (2001).

In the case sub judice, the order designating Judge Pressley to assist the Superior Court of Fulton County was valid. The order explicitly provided the length of Judge Pressley's service as February 2, 3, and 4, 1999, and the scope of his duties as assisting with "the routine matters that would normally appear before Judge Constance C. Russell, the Presiding Judge, and such other matters that may arise therefrom." Finally, the order cloaked Judge Pressley with "all the same authority and powers exercised by the Fulton County Superior Court Judges regularly presiding in the Atlanta Judicial Circuit." Regardless of his location, it is clear from the record that Judge Pressley had the authority to enter the six-month protective order Giles was charged with violating. The trial court properly denied Giles' motion to vacate his conviction on this ground.

We need not consider the validity of the order designating Judge Carnes to assist the superior court. His temporary protective order against Giles was effective only from January 26 until February 4, 1999, and the evidence shows that Giles repeatedly attempted to contact Hill after Judge Pressley's February 4 order was entered. Thus, the conduct on which Giles' aggravated stalking charge was based was in violation of Judge Pressley's valid six-month protective order. Therefore, we need not decide whether the designation order regarding Judge Carnes was proper. See *Hicks v. State*, 231 Ga. App. 552, 556-557 (2) (499 SE2d 341) (1998) (this Court found that it was not necessary to determine whether requests for assistance were truly temporary in order to decide the case).

2. In two related errors, Giles argues that the trial court did not have jurisdiction to issue the six-month protective order under the Georgia Family Violence Act, OCGA §§ 19-13-1 through 19-13-6, because he and the victim had never been married to each other, did not reside in the same house, and did not have children together. We disagree and affirm.

When Hill filled out the pre-printed petition seeking relief from family violence, she selected the option which described her relationship to Giles as "stalking victim and stalker." On its face, we find this to be an accurate description of the relationship. Giles seems to argue that because he and Hill were not members of the same family, Hill's petition did not authorize the superior court to enter a protective order against him under the Georgia Family Violence Act, OCGA §§ 19-13-1 through 19-13-6. We disagree and conclude that the superior court had subject matter jurisdiction to enter the protective order against Giles.

OCGA § 16-5-94 (a) of the stalking statute provides that "[a] person who is not a minor who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90." OCGA § 16-5-90 (a) (1) provides, in pertinent part:

> A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. For the purpose of this article, . . . the term "contact" shall mean any communication including without being limited to communication in person . . . [or] by mail. . . .

Significantly, OCGA § 16-5-94 (b) expressly states that jurisdiction over a petition for a restraining order under this Code section "shall

be the same as for family violence petitions as set out in Code Section 19-13-2." That section of the Georgia Family Violence Act gives jurisdiction to the superior court of the county in which the respondent resides. OCGA § 19-13-2 (a). Under OCGA § 15-6-9 (3), superior court judges have the inherent authority to enjoin a person from engaging in certain behavior. Thus, a superior court judge has the authority to issue a protective order under the stalking statute, OCGA § 16-5-94, or the family violence act, OCGA § 19-13-2. Consequently, the fact that the protective order was issued under the Georgia Family Violence Act does not affect the court's jurisdiction.

Further, in *Ganny v. Ganny*, 238 Ga. App. 123 (518 SE2d 148) (1999), we held that

> it is well established that "there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name. [Cits.]" *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). Regardless of whether the order was denominated a family violence order, it was surely within the power and authority of the superior court, after hearing the evidence of [a party's] conduct, to enjoin [him] from approaching or harassing [the victim]. See generally OCGA § 15-6-9.

Id. at 126 (5). In the case sub judice, the substance and function of the six-month protective order issued by Judge Pressley were to protect Hill and to enjoin Giles from having contact with her. Additionally, the order expressly provided that "any violation of this Order will be considered a violation of OCGA § 16-5-90 and will subject the Respondent to prosecution of Aggravated Stalking, a violation of OCGA § 16-5-91, a felony." Accordingly, the trial court did not err in denying Giles' motion to vacate his conviction on this ground.

3. Giles has filed a motion asking this Court to order the superior court to return him to the Fulton County Jail during the pendency of his appeal. The record shows that on June 21, 2000, Judge Daniel ordered that Giles remain at the Fulton County Jail until he exhausted his appeal or until further order of the court. In his motion, Giles refers to a subsequent order by Judge Constance Russell that he be transferred to the Georgia Department of Corrections. This order has not been included in the voluminous record.

In *Helmeci v. State*, 230 Ga. App. 866, 870-871 (5) (498 SE2d 326) (1998), we recognized that, in certain circumstances, a defendant has a right to remain in the county jail pending the disposition of all

appeals in his case. In that case, we cited OCGA § 42-5-50 (c), which provides:

> In the event that the attorney for the convicted person shall file a written request with the court setting forth that the presence of the convicted person is required within the county of the conviction, or incarceration, in order to prepare and prosecute properly the appeal of the conviction, the convicted person shall not be transferred to the correctional institution as provided in subsection (b) of this Code section. In such event the convicted person shall remain in the custody of the local jail or lockup until all appeals of the conviction shall be disposed of or until the attorney of record for the convicted person shall file with the trial court an affidavit setting forth that the presence of the convicted person is no longer required within the county in which the conviction occurred, or in which the convicted person is incarcerated, whichever event shall first occur.

The record in the case sub judice does not contain a written request setting forth that Giles' presence is required in Fulton County in order to pursue the appeal, as required by the statute. Accordingly, the motion to order the trial court to return Giles to the Fulton County Jail is hereby denied.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 16, 2002 — 

Oliver Giles, *pro se.*

Paul L. Howard, Jr., District Attorney, Amira S. AbuBakr, Assistant District Attorney, for appellee.