S03A0254. LEWIS v. McDOUGAL.
(583 SE2d 859)

BENHAM, Justice.

Sean Darin McDougal was convicted of rape and kidnapping with bodily injury in 1997 and his conviction was affirmed by the Court of Appeals. *McDougal v. State*, 239 Ga. App. 808 (521 SE2d 458) (1999). He filed a petition for the writ of habeas corpus and the habeas corpus court granted it on two grounds: lack of subject matter jurisdiction by the trial court because of an insufficient designation of a magistrate to preside over McDougal's trial in superior court, and ineffective assistance of appellate counsel for refusing to raise both the subject matter jurisdiction issue and a jury charge issue which McDougal repeatedly requested appellate counsel to include in the appeal. Because we disagree with the habeas corpus court's conclusion that the designation of the trial judge was ineffective and that the jury charge issue McDougal asked appellate counsel to assert would have resulted in reversal if raised on appeal, we reverse the judgment awarding McDougal a new trial.

1. The judge presiding at McDougal's trial was a Gwinnett County magistrate who was designated to assist the Gwinnett County superior court. Relying primarily on *Hicks v. State*, 231 Ga. App. 552 (499 SE2d 341) (1998), the habeas corpus court concluded that the assignment of the magistrate to sit as a superior court judge was defective because it did not specify the scope of the assignment and did not specifically designate the particular case for which the magistrate was assigned. While the habeas corpus court's reading of *Hicks* was accurate, the holding in *Hicks* is flawed. In that case, which involved a request for judicial assistance from a court in the same county, as does the present case, the Court of Appeals relied upon the provisions of OCGA § 15-1-9.1 (f), setting out what a designation of a judge to sit in another court must include. However, this Court had noted earlier that since a 1990 amendment of OCGA § 15-

1-9.1 (Ga. L. 1990, p. 497, § 1), subsection (f) "applies only when the request is for a judge outside the county. . . ." *Cramer v. Spalding County*, 261 Ga. 570, 573, fn. 3 (409 SE2d 30) (1991). Prior to that amendment, no distinction was drawn by the statute between intra-county and inter-county requests, and subsection (c) required all designation orders to contain those matters now required only of inter-county designating orders by the present subsection (f). But subsequent to the amendment, the statute does not specify the content of an order for intra-county designation. Thus, the holding in *Hicks*, which was decided after the amendment, was erroneous and that decision must be overruled to the extent it holds that an intra-county designation order must comply with OCGA § 15-1-9.1 (f).[1]

Since *Hicks* was decided wrongly, it does not support the habeas corpus court's conclusion that the designation order was insufficient. The record in the present case contains a document which includes a request from the chief judge of the requesting court, which is presumed to be a valid request (OCGA § 15-1-9.1 (c)). For an intra-county request for assistance, that is all the statute requires. That being so, the habeas corpus court's conclusion that the trial court lacked subject matter jurisdiction, which conclusion was based solely on the erroneous conclusion that the designation was defective, was also error.

2. The second basis for the habeas corpus court's grant of relief to McDougal was appellate counsel's failure to raise on appeal an issue concerning the trial court's charge on the offense of kidnapping with bodily injury. Although the habeas corpus court did not set out in its order the rationale for its conclusion that the jury charge was error, it stated that the Court of Appeals has held the error to be reversible error, citing *Hopkins v. State*, 255 Ga. App. 202 (2) (564 SE2d 805) (2002), an aggravated assault case, and *Talton v. State*, 254 Ga. App. 111 (561 SE2d 139) (2002), an aggravated battery case. The error found in the cited cases was that the trial court's charge, by including in the definition of the crime all the ways in which it could be committed, authorized the jury to convict the defendant for committing the crime in a manner not alleged in the indictment. McDougal and the habeas corpus court perceive the trial court's charge in this case to be infected with the same error, but this case is not like *Hopkins* and *Talton* because kidnapping with bodily injury is not an offense that can be committed in multiple ways as are aggravated assault

---

[1] We note that the distinction between intra-county and inter-county designations has also been blurred by the holdings in *Massey v. State*, 265 Ga. 632 (2), (3) (458 SE2d 818) (1995), and *Smith v. State*, 250 Ga. App. 128 (1) (550 SE2d 683) (2001), which are disapproved to the extent they require intra-county designation orders to comply with OCGA § 15-1-9.1 (f).

and aggravated battery. Each of those offenses names different conduct which could constitute commission of the offense:

> A person commits the offense of aggravated assault when he or she assaults: (1) With intent to murder, to rape, or to rob; (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; or (3) A person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

OCGA § 16-5-21 (a); "A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). Kidnapping is defined in our Code as follows: "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). The element of bodily injury comes into the definition of kidnapping only in the subsection which addresses punishment: "[I]f the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death." OCGA § 16-5-40 (b). It may be seen, therefore, that kidnapping is different from aggravated assault and aggravated battery in that it provides for only one manner of commission, and that a jury charge on kidnapping is not subject to the error which was committed in *Hopkins* and *Talton.*

What McDougal and the habeas corpus court appear to have confused with multiple ways to commit the crime is the possibility that the jury may have considered as the necessary bodily injury an injury McDougal was proven to have inflicted on the victim of the kidnapping in addition to the injuries specified in the indictment as the bodily injury. When the trial court charged the jury on the definition of kidnapping with bodily injury, it gave the elements of the crime without specifically mentioning the particular injuries asserted in the indictment. That omission, considered along with the fact that the jury heard testimony of another injury McDougal inflicted on the victim after abducting her, is the basis for McDougal's argument that the charge permitted the jury to convict him of kidnapping with bodily injury in a manner other than that alleged in the indictment. While a jury charge on the definition of the offense which included specific reference to the allegations of the indictment would be best, we do not believe the charge in the present is fatally

defective in the way McDougal argued and the habeas corpus court found.

" ' "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. . . ." [Cit.]' " *Roker v. State*, 262 Ga. 220, 222 (416 SE2d 281) (1992). Early in the charge, the trial court read the allegations of the indictment to the jury, then told the jury that in order to convict, it must find that McDougal committed the offense as described in the indictment, and later defined kidnapping with bodily injury in the general terms of the statute. Just as the Court of Appeals concluded in its affirmance of McDougal's conviction that the mere presence of evidence of other injuries did not create a fatal variance between the allegations of the indictment and the proof, we conclude that the mere presence of that evidence did not authorize the jury to convict McDougal of kidnapping with bodily injury based on injuries other than those alleged in the indictment. That conclusion is bolstered by the fact that the injuries alleged in the indictment were described in the context of the kidnapping while the evidence of the other injuries was given only in the context of the rape charge. Considering the charge and the evidence together, we hold that the habeas court erred in its conclusion that McDougal's conviction would have been reversed had the jury charge issue been raised on appeal.

The habeas corpus court found that the prejudice arising from appellate counsel's failure to raise the issues of subject matter jurisdiction based on an ineffective designation of the trial judge to hear the case and of the jury charge on kidnapping with bodily injury was clear. In light of our holdings that neither issue was meritorious, the habeas court's finding of prejudice was error requiring reversal of the judgment awarding McDougal a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General, Mark A. Gilbert*, for appellant.
*Dodd & Dennis, Roger J. Dodd*, for appellee.