A09A2402. THE STATE v. KELLEY.

(691 SE2d 890)

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of Roy Robinson Kelley III's motion to suppress evidence of child pornography found on his office computer. Kelley argues that the judge who signed the search warrant lacked authority to do so and also argues, among others, that the warrant was issued without a showing of probable cause. Because we conclude that the order appointing the judge who issued the search warrant did not comply with the mandates of OCGA § 15-1-9.1, we affirm the trial court's grant of the motion to suppress on those grounds.

The record shows that a GBI special agent investigating child pornography on internet websites discovered that a credit card issued to Kelley had been used to access one of the websites targeted by the investigation. When the agent decided to request search warrants for the Kelley investigation, the judge she first applied to stated that he was not comfortable signing off on the warrant and another judge would have to be appointed to handle the case. A judge from another county was brought in, the agent met with that judge, and the judge signed the warrant.

After officers conducted the search of Kelley's office, he was charged with 20 counts of sexual exploitation of children. Kelley filed a motion to suppress the evidence seized during the search, arguing that the judge who signed the search warrant was without authority to do so, that there was no probable cause to issue the warrant, and that, for numerous reasons, the search warrants were unlawfully issued. The trial court granted the motion to suppress on all grounds. This appeal followed.

We first address the State's claim that the trial court erred in finding that the order appointing the judge who signed the search warrant was invalid. The trial court held that because Judge

Moulton's order of appointment allowed him to sit as a superior court judge in Jasper County for an indefinite period of time, it was invalid and Judge Moulton was without authority to sign the search warrant. We agree.

The applicable Code section is OCGA § 15-1-9.1 (b) (1), which provides:

> If assistance is needed from a judge outside of the county, a superior court judge of this state or the chief judge of a class of courts other than an appellate court may make a request for judicial assistance in the court served by said requesting judge to the administrative judge of the judicial administrative district in which said requesting judge's court is located. . . .

Further, "The written designation shall identify the court in need of assistance, the county where located, the time period covered, the specific case or cases for which assistance is sought if applicable, and the reason that assistance is needed." OCGA § 15-1-9.1 (f).

Here, the order appointing the judge who signed the search warrant stated:

> The temporary assistance of a Judge in order to provide for the speedy and efficient disposition of the aforesaid Courts having been requested, and the aforesaid Judge having consented to assist this Court, It is ordered that the Honorable Tracy Moulton, Jr., Senior Superior Court Judge, State of Georgia, is hereby designated and appointed to serve in the Superior Court of Jasper County, October 26, 2007, until the same be finally concluded. He is hereby vested with all the power and authority of a regular Superior Court Judge of the Ocmulgee Judicial Circuit, and he is authorized to hear all matters that may properly come before him until the same is finally concluded.

The above order fails to specify the scope of the assignment, the case to which the judge is assigned, or the time period covered. "By failing to specify either the scope or length of the assisting judge's service, his order of appointment violated the standards required to obtain temporary judicial assistance." *Cramer v. Spalding County*, 261 Ga. 570, 573 (409 SE2d 30) (1991). See also *Hicks v. State*, 231 Ga. App. 552, 556 (499 SE2d 341) (1998), overruled on other grounds

by *Lewis v. McDougal*, 276 Ga. 861, 862 (583 SE2d 859) (2003).[1]

Because the order of appointment was invalid, the judge who signed the search warrant lacked authority to act in the case, and lack of jurisdiction to issue the warrant "results in a nullity." See *Beck v. State*, 283 Ga. 352, 353 (658 SE2d 577) (2008), citing *Pruitt v. State*, 123 Ga. App. 659 (182 SE2d 142) (1971). See also *Hicks*, supra at 557 (because chief magistrate lacked authority to act in this case, the order of the assigned judge must be reversed). It follows that the trial court did not err in granting Kelley's motion to suppress on this ground.

In light of our holding as set out above, we need not address the State's remaining enumerations of error.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 16, 2010 — 

*Fredric D. Bright, District Attorney, Melanie M. Bell, Assistant District Attorney*, for appellant.

*Groover & Childs, Frank H. Childs, Jr., William H. Noland, W. Dan Roberts, Charles A. Mathis, Jr.*, for appellee.

---

[1] In *Lewis v. McDougal*, the Supreme Court held that subsection (f) applied only when the request was for a judge outside the county and disapproved *Hicks* to the extent that it required intra-county designation orders to comply with subsection (f). As previously stated, the judge in this case was from outside the county.