# Court of Appeals
# of the State of Georgia

ATLANTA,  December 17, 2015

*The Court of Appeals hereby passes the following order:*

## A16I0082.  DANTE G. FREDRICK v. STANLEY WILLIAMS, WARDEN.

In 2012, Dante Fredrick pled guilty to two counts of theft by deception and three counts of possession of a firearm by a convicted felon.  Fredrick filed several pro se motions in April and May of 2015, including a motion for fast and speedy hearing, a petition for his immediate release, and a motion for consecutive sentences to be declared concurrent.  The trial court denied all three motions in a single order on July 14, 2015. Fredrick filed an application for interlocutory appeal from the order on October 7, 2015.[1]  We lack jurisdiction.

Fredrick did not include the motions he filed below, in violation of Court of Appeals Rule 31 (b).  However, it appears from his application that he was attempting to challenge his convictions.  It is well established that substance controls over nomenclature.  See, e.g., *Giles v. State*, 257 Ga. App. 65 (2) (570 SE2d 375) (2002). A motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case."  *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Fredrick is not authorized to collaterally attack his convictions in this manner, his appeal is subject to dismissal.  See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162-163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).

---

[1]  Fredrick filed his application in the Supreme Court, which transferred the case to this Court.

This application is also untimely. Although it does not appear that an application for interlocutory appeal was required to challenge the order on appeal, such applications are timely when filed within 10 days of the trial court's entry of a certificate of immediate review. See OCGA § 5-6-34 (b). Here, Fredrick did not obtain a certificate of immediate review. Consequently, even if he properly proceeded by application, his application is procedurally improper and untimely.

For the reasons discussed above, Fredrick's filing cannot give rise to a valid application. Under these circumstances, we lack jurisdiction, and Fredrick's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____12/17/2015_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*